HANNAH TOWNSEND *v.* JOHN DOWNER.

*Devise.   Uncertainty of description.   Construction.*

A devise is never declared void for uncertainty, upon the mere ground that the description of the subject matter of the devise is indefinite;—but only when, after resort to oral proof, it still remains mere matter of conjecture, what was intended by the instrument.

EJECTMENT for land in that part of Williston, which was formerly a part of Burlington.  Plea, the general issue, and trial by the court, March Term, 1850,—BENNETT, J., presiding.

The plaintiff gave in evidence the charter of the town of Burlington, granted in 1763, in which Thomas Youngs was named as one of the grantees, and a copy of the division of land in Burlington, by which it appeared, that the land in dispute was set to the right of Thomas Youngs in the eighth division; and the division was conceded to have been a valid practical division.  The plaintiff also gave in evidence the will of Thomas Youngs, of the township of Oysterbay, (upon Long Island,) in the State of New York, dated September 10, 1792, duly proved in New York, and also in this state; which contained a devise in these words :—" I give unto Hannah Townsend, wife of Joseph Townsend, a certain right of land, which I purchased, lying on the main, supposed to be in the state of Vermont."  It appeared, that the plaintiff was the daughter of Thomas Youngs, and was the same person designated in the will as the wife of Joseph Townsend.  The plaintiff also gave in evidence several depositions, having reference to the identity of the testator and of the subject matter of the devise.

The court held, *pro forma,* that though it be true, that Thomas Youngs, mentioned in the charter, be the same Thomas Youngs, under whose will the plaintiff claims title, yet that the plaintiff had not proved a legal title to the land, the devise being void for uncertainty,—and rendered judgment for the defendant.  Exceptions by plaintiff.

—————————— for plaintiff.

The devise is not void for uncertainty.  Whatever difficulty may attend the location of the subject of it, if we can imagine testimony,

XXIII.    29

Townsend *v.* Downer.

which will show what land is called for, it is not absolutely void. *Blake* v. *Doherty*, 5 Wheat. 359. A devise is never construed absolutely void for uncertainty, but from necessity; for if there be a possibility to reduce it to a certainty, it is good. Pow. on Dev. 370. *Den* v. *McMurtrie*, 3 Green 276. 3 Pet. R. 118. The only cases, where wills are declared void for uncertainty, are those of patent ambiguity. Roberts on Frauds 15. *Brewster* v. *McCall*, 15 Conn. 274. The identity of the subject matter of a devise is matter *in pais*, and rests in parol. *Hodges* v. *Strong*, 10 Vt. 247. Wigram on Wills 51. Cannot the court imagine testimony, which will show, that the right, which the testator purchased, lying on the main, supposed to be in Vermont, was one of the charter rights of Burlington? If they can, this devise is not void for uncertainty. *Blake* v. *Doherty*, 5 Wheat. 359. *Brewster* v. *McCall*, 15 Conn. 274. *McCorry* v. *King*, 3 Humph. 267. *McChesney* v. *Wainwright*, 5 Ham. 452. 15 Ohio 424. *Sanford* v. *Raikes*, 1 Mer. 644. *Hodges* v. *Horsfall*, 1 Russ. & Mylne 116. *Allen* v. *Bates*, 6 Pick. 460.

*D. A. Smalley* for defendant.

The devise does not purport to give any land in Burlington, or even in Vermont. Under this description the plaintiff might as well claim a tract of land in Virginia, or Canada, as the one in question. It is void for uncertainty. 1 Jarm. on Wills 316, 321. *Richardson* v. *Watson*, 24 E. C. L. 164. *Miller* v. *Travers*, 21 Ib. 288. The parol evidence, offered to locate, explain and give effect to the devise, was properly disregarded. It consists of the mere declarations of the testator, either in relation to his claim of title, when not in possession, or of his intention in relation to the devise to the plaintiff, and not at the time of making the will. Neither are admissible. *Whitaker* v. *Tatham*, 20 E. C. L. 266. *Doe* v. *Oxenden*, 3 Taunt. 147. 1 Jarm. on Wills 358. *Barrett* v. *Wright*, 13 Pick. 45. *Mann* v. *Ex'rs of Mann*, 1 Johns. Ch. R. 231. *Thomas* v. *Thomas*, 6 Tenn. 671. *Farrar* v. *Ayers*, 5 Pick. 404. *Weston et al* v. *Foster et al.*, 7 Met. 297.

The opinion of the court was delivered by

REDFIELD, J. This case does not seem to have been decided, in the court below, upon the question of the sufficiency of the proof of

the identity of the grantee, Thomas Youngs, in the charter of Burlington, and Thomas Youngs, the testator. The court seem to have ruled that point in favor of the plaintiff; and upon the state of the evidence we really do not see, how they could have held otherwise. Ordinarily, in tracing title to land, the mere identity of the names is sufficient to cast the burden of proof upon the opposite party. But here the identity is very considerably confirmed by the other evidence in the case, aside from the mere declaration of the testator, which probably is not competent evidence. But any declaration, connected with any act of ownership, would no doubt be admissible; and it is by no means certain, that the mere declaration, as evincing a claim of title, is not competent evidence. It is not important to decide this point.

The court, assuming the identity of the person of the grantee and the testator, declare the devise void for uncertainty. But this, we think, is never done, upon the mere ground of the indefiniteness of the description of the subject matter of the devise. And the same is true of a grant. That is held certain, which is capable of being rendered certain, according to the maxim, *id certum est &c.* A devise, or grant, is only declared void for uncertainty, when, after the resort to oral proof, it still remains mere matter of conjecture, what was intended by the instrument. Such cases more generally occur, where there are two or more subject matters, to which the words apply with equal propriety, or perfectly, perhaps. That is a case of equivocation, as it is called. Other cases may occur, where the words apply but imperfectly to any subject, so as to leave it altogether uncertain what was intended.

But the present is not shown to be such a case. After it is shown, that the testator did have one right of land in Vermont, it will not be presumed that he had others, or that he might have had others, so as to require any such presumption to be rebutted by proof, until that be shown. This finding effectually casts the burden upon the defendants; and until the oral evidence, in regard to the subject matter of the devise, is received, and the case fully made up, it would be premature to go into any nice discussion of the grounds, upon which devises ought to be held void for uncertainty as to their subject matter.

Judgment reversed and case remanded.