J. L. HAYS v. M. J. HAYS ET AL.

(Case No. 2059.)

1. MINOR—NEXT FRIEND—It is well settled since the adoption of the Revised Statutes suit can be maintained in this state by a next friend for the benefit of a minor ; and in this respect no distinction has been made between suits for land and other actions. (Authorities cited.)

2. HOMESTEAD—MORTGAGE—A mortgage upon a homestead is wholly null and void, and no subsequent acquisition of another homestead by the mortgagor can give it validity. (Inge v. Cain, 65 Tex., 75.)

3. EVIDENCE—TITLE—DECLARATION OF DECEDENT—Declarations of a decedent, made while he was in possession of land, in derogation of his title and in qualification of his possession, are admissible in evidence. Declarations of a decedent tending to show that he had an absolute title to the land, are inadmissible.

4. CHARGE—REPETITION—A judge ought not to repeat a principle already given in charge to the jury, when this would give it undue prominence. (Powell v. Messer, 18 Tex., 401; Traylor v. Townsend, 61 Tex., 144.) See opinion.

5. CHARGES—PRACTICE—Complaint cannot be made for the first time in this court of the general character of instructions to a jury, unless special charges of a more specific character were asked.

6. DEMAND FOR JURY—PRACTICE—It is a sufficient excuse for not demanding a jury on the first day of the term, that there was at that time no judge competent to receive the demand and enter the order.

APPEAL from Titus. Tried below before the Hon. W. H. Baldwin, Special Judge.

The opinion states the facts.

J. D. Peteet, for appellant, on action by next friend, cited: 42 Tex., 148; 50 Tex., 512; 30 Tex., 154.

On plaintiff's failure to allege that she had acquired no other homestead, he cited: 50 Tex., 555; 51 Tex., 406; Steph. Plead., secs. 6, 7.

Moore & Hart, for appellee, on suits by next friend, cited: Abrahams v. Vollbaum, 54 Tex., 226.

That a mortgage on a homestead is void, they cited: Inge v. Cain, 64 Tex., 75.

On the charges refused by the court, they cited: Pierce v. Fort, 60 Tex., 464; 59 Tex., 93, 423; Rayland v. Wisrock, 61 Tex., 391.

WILLIE, CHIEF JUSTICE.—Mrs. M. J. Hays, for herself and as next friend of her three minor children, sought in this suit to have a conveyance of their homestead, executed by herself and her late husband, S. L. Hays, declared a mortgage, and to recover the property conveyed. The conveyance was alleged to have been made to J. W. Hays, who had since died, leaving J. L. Hays, the appellant, his devisee of the property in controversy. Allegations were made that the property was the homstead of S. L. Hays and M. J. Hays, at the date of the instrument; that the latter was intended, by the parties thereto, as a security for a debt due by S. L. to J. W. Hays, and not as an absolute deed, and that J. W. Hays made representations to that effect to Mrs. Hays, and thereby induced her to sign the deed. It was further al-

leged that the plaintiffs were, at the date of commencing the suit, the owners of the property in fee simple. The appellants objected to the right of Mrs. Hays to sue in this kind of case as next friend of the minors. It is well settled that suit can be maintained in this state by a next friend for the benefit of a minor. Railway Company v. Styron, 66 Tex., 42.

Whilst the act of 1870, requiring special guardians to conduct suits was in force, a next friend could not do so. Insurance Company v. Ray, 42 Tex., 511; Abrahams v. Vollbaum, 54 Tex., 226.

But since the adoption of the Revised Statutes repealing that act, this privilege is no longer denied. Abrahams v. Vollbaum and Railway Company v. Styron, *supra.*

No distinction has ever been made between suits for land and other actions in this respect. Milf. Eq. Pl., 25 *et seq.*

Objection was also made that the petition did not allege that Mrs. Hays had not acquired another homestead, since the date of the deed, and had no homestead when the suit was begun. Such an allegation was wholly unnecessary. The deed was made since the adoption of the constitution of 1876. If the deed was in reality a mortgage upon the homestead, it was wholly null and void, and no subsequent acquisition of another homestead by the grantor could give it validity. This is fully settled in Inge v. Cain, 65 Tex., 75.

For this reason also there was no error in allowing Mrs. Hays to testify without pleading to that effect, that she had not acquired another homestead since the mortgage was made. This was an immaterial fact, which could not have the slightest influence upon the case, and its admission prejudiced neither the plaintiffs nor the defendant. We deem it unnecessary to notice the point made that Mrs. Hays should not have been allowed to testify as to a transaction in which she, her husband and J. W. Hays took part. She was not permitted to state the nature of the transaction or what occurred between the parties thereto, and hence said nothing forbidden by the statute to be stated by parties to a suit.

Plaintiff was allowed to prove by two witnesses, not connected with the suit, certain declarations made by J. W. Hays, after the deed was executed, and whilst he was in possession of the land in controversy, which declarations tended to show that he held it as security for debt due him by Mrs. Hays' husband. The court subsequently refused to allow the appellant to prove by his own oath the declarations of J. W. Hays, whilst in possession, tending to show that he had an absolute title to the land. What were the objections overruled as to one and sustained as to the other does not appear in the record, and hence they

cannot be considered here. We will say, however, that the evidence of the defendant was properly excluded because he proposed to testify as to statements made by a deceased party, who had devised to him the property in controversy. Moreover, he proposed to state the declarations of a deceased person, made whilst in possession of the property, and in the interest of the party making the declaration. On the other hand the evidence offered by the plaintiff was in derogation of J. W. Hays' title and in qualification of his possession, and was of course admissible. 1 Greenl. on Ev., sec. 109; 2 Wheat. on Ev., sec. 1156.

The possession of the deceased, Hays, was apparently under full title, and it was against his interest to say that he did not own the property, but held it merely as security for a debt; but it was directly in his own interest to confirm his apparent title, by declaring that he held under a conveyance vesting in him absolute ownership.

The judge below was asked to charge the jury that the burden of proof was on the plaintiffs to show that the deed was intended as a mortgage, and that this must be proved by clear, strong and convincing evidence. The special charge went on to repeat this principle, by saying that to change a deed from a mortgage, and to overturn a deed duly signed and acknowledged, the proof must be clear, strong and satisfactory. The court refused the charge, and in this we think there was no error.

The judge's own charge had placed the burden of proof upon the plaintiffs, and hence that principle need not have been repeated. Whilst it is required that the evidence to engraft a parol trust upon the legal title should be clear and satisfactory, the charge asked in this case was so framed as to make the jury believe that a very great amount of evidence was necessary for that purpose; or, at least that in the opinion of the court, the evidence before the jury was insufficient to prove the deed a mortgage. By adding the word "strong" to the words "clear and satisfactory," the jury might have thought that something beyond clear and satisfactory proof was required. But, be this as it may, this court has said that a judge ought not to repeat a principle already given in charge to the jury, when this would give it undue prominence. Powell v. Messer, 18 Tex., 401; Traylor v. Townsend, 61 Tex., 144.

This certainly justifies a judge in refusing a charge that, by repeating, gives prominence to a rule of evidence, and leads the jury to believe that the rule has not been complied with in the case before them. So much stress laid upon the necessity for strong, clear and sat-

VOL. LXVI—39.

isfactory evidence to prove a deed to be a mortgage would have impressed the jury with the idea that the proof in this case did not come up to that standard. The judge must leave the jury to decide upon the weight of evidence, without any intimation from him as to which way they should decide. In the shape the charge was presented to the judge below, taking into consideration the language in which it was clothed, and the stress laid upon the necessity for a certain amount and degree of evidence to prove the trust, it could not have been given without more or less influencing the judgment of the jury upon the sufficiency of the proof to sustain the case of the plaintiff. That the evidence introduced was sufficiently clear, strong and satisfactory to show the deed a mortgage is not questioned in this court.

Complaint, however, is made that the court did not charge as to what would constitute the deed a mortgage. The general law governing the case was charged, and if the appellant wished the court to be more specific in defining a mortgage, he should have asked a special charge upon the subject. The same remark applies to the complaint made that the court did not tell the jury what it took to constitute a homestead.

It was a sufficient excuse for not demanding a jury on the first day of the court, that there was at that time no judge competent to receive the demand and enter the order. The district judge could not do so, and the special judge, appointed by the Governor to try the case, did not qualify till the second day of the term. On that day the demand for a jury was made and the jury fee paid, and under the circumstances, these were done in due time.

There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered October 26, 1886.]