## S. E. Huss v. Moses Wells.

Delivered November 18, 1897.

**1. Estoppel in Pais—Homestead—Sale.**

A married woman who sues to recover land from one claiming under a deed from her, void for want of her separate acknowledgment, on the ground that the property was her homestead at the time of conveyance, is not estopped by her acts in pais, where no other homestead has been acquired.

**2. Homestead—Sale by Husband—Subsequent Divorce and Remarriage of Wife.**

The right of a married woman to assert a claim of homestead to property held by the defendant under a void deed from her is not affected by a divorce obtained by her subsequently to the conveyance or by her later marriage to a second husband, when she had not acquired another homestead prior to her divorce.

**3. Pleading—Abandonment of Homestead as Defense.**

Proof of abandonment of a homestead claim asserted by a wife against a purchaser of the property can afford no basis for a judgment when such defense was not pleaded.

**4. Same—Not Guilty—Special Defenses—Proof.**

A defendant in a suit brought by a wife against a purchaser to assert a homestead claim to the land, who, in addition to a plea of not guilty, sets up special defenses, is restricted to the latter.

APPEAL from Houston. Tried below before Hon. J. R. Burnett.

*Nunn & Nunn*, for appellant.

*Adams & Adams*, for appellee.

PLEASANTS, Associate Justice.—In 1887 appellant and J. W. Price, her then husband, owned the land in controversy in this suit, and while occupying the same as their homestead they executed and delivered to appellee and his brother, James Wells, a deed for the premises, with general warranty. James Wells, soon after the purchase, conveyed his interest in the premises to the appellee. The deed was not acknowledged by the appellant. Some ten days or two weeks after the purchase by appellee from Price and wife, they vacated the premises and removed to Navarro County, and when they left the place, or shortly thereafter, appellee took actual possession thereof, and has continued to reside thereon, and has made valuable and permanent improvements, taking in more land, building more fences, improving the dwelling house, and erecting new outhouses. Shortly after appellant and her husband arrived in Navarro County they separated. Price, as the appellant avers, abandoned her and her children, and left them without means of support, and she returned to Houston County, and in 1892 she obtained a divorce from Price, and afterwards married a man named Huss, from whom she separated before the institution of this suit, and they have continued to live apart. Her former husband, Price, is dead.

This suit was brought on September 13, 1895, nearly eight years after the purchase of the place by appellee from Price and appellant. She

describes the land in her petition, and alleges it to be her separate property, and the homestead tract of herself and her former husband. The action is one of trespass to try title. The appellee pleaded not guilty, and he further pleaded specially: (1) The three, five, and ten years statutes of limitations; (2) tenancy in good faith and the erection of valuable and permanent improvements; (3) conveyance from appellant and her husband, J. W. Price, by deed with general warranty, in consideration of $550 paid them, and estoppel against the wife. Appellant filed a supplemental petition, in which she pleaded coverture in avoidance of pleas of the statute of limitations and estoppel by appellee. The case was tried by the judge, without the intervention of a jury, and judgment rendered against the plaintiff that she take nothing by her suit, and that the defendant recover his costs; and the plaintiff excepted, and gave notice of appeal.

The plaintiff has never had a homestead since she left the premises in controversy. It is also true, that at the time of the execution of the deed under which the appellee asserts title, the premises were occupied by appellant and Price, and was their homestead. The property was purchased by them during their marriage, and much of the purchase money was paid out of her separate funds; but this fact is immaterial, since the deed does not convey the land to the appellant as her separate property, and there is no evidence whatever that appellee or his brother knew when they purchased the property that any part of the purchase money was paid out of the separate estate of appellant.

The evidence is conflicting as to whether the sale was made with the consent of the wife, or whether she, as she alleges to be the fact, signed the deed through fear of personal injury from her husband. She testifies that she did not desire to sell the place, and did not know that her husband contemplated selling it until the day before the deed was executed, and when informed by him that he had bargained the land to appellee and his brother, she declared that she would not join in the deed of conveyance, and thereupon her husband threatened her with personal violence if she refused to join in the deed, and that he not only threatened her, but actually inflicted violence upon her person before she signed the deed; and she further testifies that she never left the premises voluntarily, but that she was compelled by her husband to do so.

On the other hand, several witnesses testify for the appellee that the sale of the premises was effected mainly through her instrumentality; that she declared that she wished to sell that she might go to Navarro County, and be near her sister, who resided in that county; that she requested appellee to buy the place, and proposed to sell to others also; that she received the money for the place; that it was counted into her lap, and that she seemed much pleased at receiving it; that she signed the deed when her husband was not present, he being out in the field; that she offered to go before an officer and acknowledge the deed, but appellee was advised by an ex-justice of the peace that it was not necessary to take her separate acknowledgment—that attesting witnesses were

only necessary; and the deed was witnessed, and authenticated by the affidavit of one of the witnesses, made before the clerk of the county. But it was admitted that Price was illiterate and was unable to count the money paid for the land; and it was shown by the testimony of the appellant that the money was taken from her by her husband, and that she never received one cent of it; and in this statement she is uncontradicted.

One of the conclusions of the court, if we do not misapprehend the purport of its language, is that appellant was estopped from asserting title to the land in view of the evidence which we have recited above. This conclusion, we think, is clearly erroneous. Taking all the evidence on the part of the appellee to be true, it can not, in our judgment, estop the appellant. To so hold, it seems to us, is to ignore an essential element of estoppel, the deception and injury of one through the fraud of another. A married woman can convey title to her separate property, or to her homestead, by her deed, only in the manner prescribed by law; and her deed without acknowledgment of its execution, before an authorized officer of the law, after privy examination, separate and apart from her husband, by the officer, and after full explanation to her of the effect of the instrument, is a nullity. Such being the law, the appellee could not have been deceived or defrauded by what he alleges was said and done by appellant at the time of or previous to the execution of the deed, in reference to the sale of the land. He must be held to know the law, and when he received the deed he knew it did not divest the title of the appellant. A married woman who sues to recover land, against one claiming under a void deed from her, upon the ground that the property was her homestead at the time of conveyance, is never estopped, where no other homestead has been acquired, by her acts in pais. Ezell v. Robert, 11 Texas Civ. App., 176, and authorities cited therein, and particularly the case of Fitzgerald v. Turner, 43 Texas, 79.

In the case of Ryan v. Maxey, 43 Texas, 192, cited by appellee, and in the case of Dalton v. Rust, 22 Texas, 133, in which estoppel was successfully pleaded in bar of the claim of a feme covert to land, the defendants had purchased under judicial sales which had been ordered at the suits of the claimants. In these cases, it was the judgment of the court, in a suit to which she was a party, that estopped the married woman from recovery. Her acts in pais may estop a feme covert from recovering rents for her land, but not from recovering the land when claimed under a void deed from her.

Another conclusion of law reached by the court was, that appellant's right to the homestead was lost upon her marriage to her present husband. Her right to the homestead was not merely a possessory right, a right to occupy the premises, but it was a proprietory right, a vested right in the land itself. Stallings v. Hullum, 89 Texas, 432; Myers v. Evans, 81 Texas, 318. We can not concur in the conclusions of the court that appellant forfeited her title to the property in question, upon her marriage to her present husband, having never acquired a second home-

stead prior to her divorce from her former husband. Neither her divorce nor her subsequent marriage in any way affects her title, nor presents any obstacle to her recovery, in our judgment.

It would seem from the findings of fact and of law reached by the court below that its judgment is based also upon the conclusion that appellant had forfeited her right to recover by her abandonment of the premises.

Whether or not, in a case like this, where the purchase of the property is made when the property is the homestead, and is then being occupied and used as such, and is not vacated by the vendor and his family for some days after the sale and delivery of the deed of conveyance, the purchaser can plead abandonment in bar of the wife's homestead claim, when there has been no acquisition of another homestead, in the opinion of the writer, is a question, to say the least, of much doubt. In all cases, as now remembered, in which abandonment by the wife proved a bar to her recovery, the purchase of the premises was made after the premises had been vacated and had ceased to be occupied by the family, and where the circumstances were such as to authorize a finding that the abandonment was voluntary on the part of the wife, and made with the intention of nevermore returning to and occupying the same. The husband, as the head of the family, may change his homestead, and if the wife, in obedience to the husband, quits the place with the expectation that she will be provided with another home, and which expectation is never realized, it does seem that the policy of the law should not allow one who purchases from the husband while the premises are actually occupied by the vendor and his family and constitute their homestead, to interpose abandonment against the claim of the wife, who has never acquired another homestead. The purchaser knows the law forbids the sale by the husband unless with the consent of the wife, evidenced by her deed executed as prescribed by the statute. If the husband fails to provide the wife with another home, who should suffer? The wife, who, in discharge of her marital duty, leaves the place, after it has been sold without her concurrence, or the purchaser, who has aided, whether intentionally or not, the husband in depriving the wife of her home? To state the question, it would seem, is to answer it adversely to the purchaser. When the premises are not being occupied by the family, the purchaser from the husband can not be said to know that the place is still the homestead; and he should be permitted to show, if such be the fact, that he purchased in good faith, and that the wife had in fact left the place voluntarily, and with the intention never to occupy it again.

But whatever may be the law on the question, abandonment by the wife was not pleaded in this case, and it follows that, if in truth there was a voluntary abandonment of the place by the appellant, the fact proved, without a plea to authorize the proof, can afford no basis for the judgment. Had the appellee interposed no other plea than that of not guilty, he might have proved any fact which would defeat the plaintiff's suit; but having pleaded several special defenses, his evidence, notwithstanding his plea of not guilty, should have been restricted to his

special defenses.   Paul v. Perez, 7 Texas, 338; Rivers v. Foote, 11 Texas, 662; Mills v. Alexander, 21 Texas, 154.

We are of the opinion that the court erred, under the facts and pleadings, in rendering judgment for appellee.   The judgment is reversed and judgment is here rendered for appellant that she recover the land sued for, but without prejudice to any rights which appellee may have under his deed of warranty from J. W. Price, as against the heirs of Price, or against anyone claiming title under or through him.

*Reversed and rendered.*

Writ of error refused.