BAILEY et al. v. BAILEY et ux.
(No. 5649.)

(Court of Civil Appeals of Texas. Austin.
June 7, 1916.)

1. HOMESTEAD ⬤⟿129(1), 133 — CANCELLATION OF CONVEYANCE—EVIDENCE—DEED OR MORTGAGE.

In a widow's suit to cancel a warranty deed executed by herself and her deceased husband, conveying 10 acres of land out of the northwest corner of their homestead tract, which was never segregated from the tract, except by a marking of the corners, and the grantee's warranty deed of such tract to the defendant, evidence *held* to show that the first deed was given for the security of a debt, and that such fact was known to the defendant.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 233, 234; Dec. Dig. ⬤⟿129(1), 133.]

2. HOMESTEAD ⬤⟿115(2)—CONVEYANCE AS SECURITY—CONSTITUTIONAL PROVISIONS.

Under the express provision of Const. art. 16, § 50, a warranty deed to secure a loan executed by husband and wife, conveying part of their homestead was absolutely void, and the grantee took no title thereto, and hence could convey none by his deed thereof.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 186–190; Dec. Dig. ⬤⟿115(2).]

3. HOMESTEAD ⬤⟿122—CONVEYANCE AS SECURITY—ESTOPPEL.

Where husband and wife entitled to a homestead tract executed their warranty deed conveying a part thereof to secure a loan, and the grantee executed a deed thereof to defendant with the knowledge of the husband and wife, the surviving wife was not thereby estopped from suing to cancel both deeds and to remove the cloud from the title.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 220–222; Dec. Dig. ⬤⟿122.]

Appeal from District Court, Williamson County; C. A. Wilcox, Judge.

Suit by Judy Bailey and others against W. B. Bailey and wife. Judgment for defendants, and plaintiffs appeal. Reversed, and judgment rendered for plaintiffs.

Nunn & Love, of Georgetown, for appellants. A. S. Fisher, Jr., and Richard Critz, both of Georgetown, for appellees.

RICE, J. In October, 1902, Harry Bailey and wife, Judy Bailey, together with their family, owned and were living upon a tract of 120 acres of land out of the Stubblefield survey in Williamson county, where they had resided for many years. On that date they borrowed from E. Mankins $250, and to secure same conveyed to him by warranty deed, duly acknowledged, 10 acres of land out of the northwest corner of their homestead tract, the corners of which were designated and marked, but the 10 acres were never otherwise separated or segregated from the remainder of the tract. In November, 1903, being unable to repay this loan, it was agreed between Harry Bailey and his wife, Judy Bailey, and the defendant W. B. Bailey that the 10 acres of land should be con-

veyed to said W. B. Bailey, who should thereafter own the same in fee simple, in consideration of which said W. B. Bailey agreed to pay and did pay to said Mankins the debt, with interest thereon, due Mankins by Harry Bailey. Pursuant to said understanding, and for the purpose of conveying the title to said tract of 10 acres to said W. B. Bailey, Harry Bailey and wife, Judy, directed Mankins to execute a deed conveying the same to W. B. Bailey, and, in accordance with such request and direction, Mankins, by warranty deed of date November 28, 1903, did convey the tract in controversy to W. B. Bailey. The entire tract, upon which they lived as a home, including said 10 acres, both before and after the execution of said conveyances, had been cultivated by Harry Bailey and his family, including W. B. Bailey. Harry Bailey died about two years before the trial of this suit, and his widow, Judy Bailey, with her family, continued to reside upon said land as their home, including the 10 acres in controversy, which was cultivated in common by the family together with the balance of the tract. After such conveyance by Mankins to him, W. B. Bailey, with the knowledge of his father and mother, claimed said land as his own and paid taxes thereon. Said W. B. Bailey, during all of this time, continued to reside upon the 120-acre tract with his father and mother, assisting in the cultivation thereof with the rest of the family.

This suit was brought by Judy Bailey against W. B. Bailey and wife, Viola, to cancel both of said conveyances to the 10-acre tract, and to remove cloud from title thereto; the latter asserting title under the facts above set out. The case was tried before the court without a jury, who found the facts substantially as above outlined, and concluded as matter of law, first, that the deed executed by Harry Bailey and wife to E. Mankins was intended as a mortgage, and was invalid either as a mortgage or as a conveyance of said land to the said Mankins, except that said deed conveyed to said Man-

kins the bare legal title to said 10-acre tract of land; second, that the execution of the deed by Mankins to W. B. Bailey, under the circumstances set out in the findings of fact, operated as a conveyance of title to said tract of land to W. B. Bailey. Upon such conclusions the court rendered judgment in favor of appellees, from which this appeal is prosecuted; appellants assigning error upon such conclusions of law.

[1, 2] It is clear from the evidence and findings of fact that the deed from Harry Bailey and wife to Mankins was given for the security of a debt, and that this fact was well known to W. B. Bailey. The 10 acres in controversy being a part of the homestead of Harry Bailey and wife, such conveyance, under the Constitution and laws of this state, was absolutely null and void; and Mankins, having no title to said land by reason thereof, could convey none by his deed to W. B. Bailey. The court, therefore, was in error in concluding to the contrary. See article 16, § 50, State Constitution; Inge v. Cain, 65 Tex. 75; Hays v. Hays, 66 Tex. 606, 1 S. W. 895; Hoefling v. Thulemeyer, 142 S. W. 102; Hall v. Jennings, 104 S. W. 489.

[3] Notwithstanding such deed was made by Mankins to W. B. Bailey with the knowledge of Harry Bailey and wife, Judy, the latter was not estopped thereby, as contended by appellee. Such facts do not constitute an estoppel. See Speer's Law of Married Women, § 131, and authorities cited; Johnson v. Bryan, 62 Tex. 623; Huss v. Wells, 17 Tex. Civ. App. 195, 44 S. W. 33; Stone v. Sledge, 24 S. W. 697; McFalls v. Brown, 36 S. W. 1110; Black v. Garner, 63 S. W. 918; Cauble v. Worsham, 96 Tex. 86, 70 S. W. 737, 97 Am. St. Rep. 871.

Believing that the court erred in rendering judgment for appellees, and the case having been fully developed, it becomes our duty to reverse the judgment of the court below, and here render same in favor of appellants, which is accordingly done.

Reversed and rendered.