LAMBERT v. LAMBERT et al. (No. 2507.)*

(Court of Civil Appeals of Texas. Texarkana. June 22, 1922. Rehearing Denied July 1, 1922.)

1. Wills ⚖️106—Devises of all of testatrix' land in certain proportions held not so indefinite as to violate statute.

A will by a testatrix owning only 200 acres devising her home and 100 acres to two granddaughters and 50 acres to each of two other granddaughters does not devise specific tracts not so described as to satisfy the statute of frauds, but devises undivided parts of all her land for partition among them in the proportions mentioned.

2. Wills ⚖️94—Title to lands can be passed only by instruments in writing.

Generally speaking, title to lands can be devised only by instruments in writing.

3. Wills ⚖️106—Devise fails because of insufficient description only when unaided by parol testimony.

A devise will fail because of an insufficient description of the property only when, after resort is had to parol testimony to aid the description, it is still a mere matter of conjecture as to what property testator intended to devise.

4. Appeal and error ⚖️1010(1) — Finding against oral gift of land from testatrix not disturbed.

Finding by trial court that defendant failed to discharge burden of showing an alleged gift not disturbed where sustained by relevant evidence.

Appeal from District Court, Cass County; R. T. Wilkinson, Judge.

Suit by Mattie R. Lambert and others against Leo Lambert. Judgment for plaintiffs and defendant appeals. Affirmed.

This was a statutory suit of trespass to try title, brought by appellees Mattie R. Lambert, Mrs. Rua Morris and her husband, Mrs. Oris Prudhomme and her husband, and Miss Hellen McCall, against appellant, Leo Lambert, in which judgment was rendered in favor of appellees. The land in controversy was 200 acres of the E. Frazier survey in Cass county, owned by Mrs. Mattie Lam-

---

bert at the time she died, to wit, December 16, 1918. Appellant's answer to the suit consisted of a plea of not guilty and a plea setting up title in himself to 50 acres of the land (described by metes and bounds) by force of a parol gift thereof to him by Mrs. Mattie Lambert "long prior to her death," he alleged. He prayed judgment that appellees take nothing by their suit, and "that his title be quieted in the 50 acres, and the cloud removed therefrom by reason of the claims of" appellees. The trial was to the court without a jury.

It was agreed by the parties that Mrs. Lambert, who was the mother of appellant and the grandmother of appellees, was the common source of the title asserted by them respectively. Mrs. Lambert left a will dated June 2, 1905, which was duly probated in May, 1920. The will was as follows:

"The State of Texas, County of Cass. Know all men by these presents that I, Mattie Lambert, of the state and county aforesaid, make this my last will and testament; that my son W. P. Lambert, of Shreveport, La., be executor. I give to my granddaughter Mattie R. and Rua, daughters of J. P. and Alice Lambert, my home and 100 acres of land for their education and support. I give to my granddaughter Hellen, daughter of W. J. McCall and Mary L. McCall, fifty acres. I give to my granddaughter Orris Lambert, daughter of W. P. and Julia Lambert, fifty acres. My personal property I want sold to pay my funeral expenses and doctor bills and have the graveyard fenced with wire. June 2d, 1905. Mattie Lambert."

Appellees Mattie R. Lambert, Mrs. Rua Morris, Mrs. Oris Prudhomme, and Miss Hellen McCall were the granddaughters mentioned in the will. At the time she died Mrs. Lambert lived on the 200 acres in controversy, which was known as the "old Lambert place." The 200 acres was all the land she then owned, and it inferentially appeared from the testimony that she lived on the land and that it was all she owned at the time she made the will.

O'Neal & Allday, of Atlanta, for appellant.
Elmer L. Lincoln, of Texarkana, for appellees.

WILLSON, C. J. (after stating the facts as above). [1-3] The contention presented by the first assignment, to wit, that the trial court erred when he held that the will operated to pass the title to the 200 acres in controversy to appellees, is on the theory that the devises were of specific tracts of land which were not so described as to satisfy the requirement of the statute of frauds. The proposition under the assignment is that under that statute the will "must (quoting) either upon its face identify the land, or it must expressly or by implication refer to some instrument, map, plat, record or outside fact—that is to furnish the means—by which the land can be identified." If, as appellant asserts, the will should be construed as an attempt by the testatrix to make such devises, the contention would have support in the cases he cites, to wit, Kellner v. Ramdohr (Tex. Civ. App.) 207 S. W. 169; Slagle v. Payne (Tex. Civ. App.) 50 S. W. 500; Penney v. Booth (Tex. Civ. App.) 220 S. W. 430; Cammack v. Prather (Tex. Civ. App.) 74 S. W. 354; and Davis v. Dilbeck (Tex. Civ. App.) 232 S. W. 927. But, plainly, we think, it should not be so construed. The testatrix owned only the 200 acres of land, and there can be no doubt that her intention was to dispose of it by her will. There is just as little doubt she intended to devise undivided, and not specific, parts of it to appellees, for partition among themselves in the proportions mentioned and subject to the right of appellees Mattie R. Lambert and Mrs. Rua Morris in such partition to have their part include the testatrix's "home." Byrn v. Kleas, 15 Tex. Civ. App. 205, 39 S. W. 980. Of course it is true, generally speaking, that title to lands in this state can be passed only by instruments in writing. But the will in question here is such an instrument. That the description it contained, unaided by parol testimony to identify the land devised, was not sufficient did not invalidate it. A devise will fail because of an insufficient description of the property only when, after resort is had to parol testimony to aid such description, it is still a mere matter of conjecture as to what property the testator intended to devise. Townsend v. Downer, 23 Vt. 225. And see 22 C. J. 1266, where the well-established rule with reference to aiding an insufficient description by parol testimony is stated as follows:

"Where the subject-matter of the writing is imperfectly described therein or the description is in some respects inaccurate, ambiguous, or very general in character, it is always competent to aid the description and identify the subject-matter to which it is intended to apply and to apply the description to such subject-matter by extrinsic evidence not inconsistent with what is written."

[4] In another assignment appellant complains because the trial court refused to render judgment in his favor for the 50 acres he claimed Mrs. Lambert gave to him by parol during her lifetime. Perhaps the testimony would have supported a finding in his favor on that issue, but the judgment involves a finding by the trial court to the contrary. That court was the judge of the credibility of the witnesses who gave testimony relevant to that issue, and of the weight which should be given that testimony. The burden was on appellant to establish the gift as alleged, and we are not prepared to say the trial court erred when he concluded that appellant had not discharged the burden.

The judgment is affirmed.