**MILLIKEN v. COKER et al.**

No. 13269.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 6, 1935.

Rehearing Denied Jan. 24, 1936.

Geo. M. Hopkins, of Denton, for plaintiff in error.

Owsley & Owsley, of Denton, for defendants in error.

BROWN, Justice.

Alex Coker and Annie Coker, husband and wife, acquired the 280 acres of land in

controversy. They had seven children, one of whom was named Charles B. Coker, and his widow and surviving children are the appellees here.

Alex Coker died September 16, 1920, and his widow continued to live on the lands until about June 29, 1930, when she died.

Charles B. Coker and his family lived on the premises, occupying it as their homestead on several occasions, and moved from the premises several times, but never acquired any other homestead interest anywhere.

After Alex Coker's death in 1920, on June 25, 1923, Charles Coker executed a deed of trust to George M. Hopkins as trustee for the use and benefit of W. D. Milliken (appellant here), conveying all of his undivided interest in the lands in controversy to secure an indebtedness of $172.40 which Coker owed to Milliken. Coker's wife did not join in this instrument. The interest involved was an undivided one-fourteenth.

Milliken brought suit in the district court of Denton county against Charles Coker on the said note and to foreclose the said deed of trust lien. Judgment was rendered as prayed for on June 16, 1930, before Mrs. Annie Coker's death. An order of sale was issued on such judgment, on September 13, 1930, and the undivided interest of Charles Coker in and to the lands foreclosed upon was sold on October 7, 1930; the judgment creditor, Milliken, being the purchaser on a bid of $50. The sheriff who made the sale executed a deed to the buyer on the date of sale. This deed recites that the sale was made under the authority of the order of sale referred to above, but undertakes near the end of the instrument to enlarge the authority of the officer by reciting: "This deed is made by virtue of the foreclosure of an attachment lien as the same existed on the 25th day of June, 1923, and an abstract of lien as the same existed on the 16th day of June, 1930, or at any time after either of such dates on the land above described."

We find that a judgment was obtained by the partnership firm of W. D. Milliken & Son on March 6, 1914, against Charles Coker, in a justice's court, precinct No. 3, of Denton county, and abstracted and filed for record on April 1, 1914, in the sum of $90.95 and interest, and costs for $7.45.

Charles Coker did not resist either of the suits.

Charles Coker died February 10, 1932, and he is survived by the following appellees: Amanda M. Coker, decedent's widow, Lizzie Mayfield, wife of Albert Mayfield, Effie Bailey, wife of William Bailey, Ruby Bailey, wife of Emanuel Bailey, Jack Coker, and S. L. Coker, being five grown children, and four minor children, Marie, Annie, Elsie, and Charles Robert Coker.

Before Charles Coker died, he filed suit in the district court of Denton county on May 5, 1931, against appellant to recover the lands involved in this suit by way of trespass to try title, and after his death his widow and the other named appellees filed, on June 13, 1934, the amended petition, which is before us. In this pleading they sue in trespass to try title, and further pleaded that in June, 1923, there remained unpaid to W. D. Milliken & Son a balance of $172.40 on a judgment against Charles Coker, and that he was induced to execute the deed of trust, mentioned above, and that a judgment was had thereon and the lands sold to Milliken for $50; that the interest in the lands thus owned by Coker constituted the only homestead owned by him and his family; that it was not subject to the debt and lien asserted; and that the sheriff's deed, as worded, casts a cloud upon the title to the lands; that an undivided one-fourteenth interest in the land was worth $1680.00, and an undivided one-seventh interest was worth $3,360; that the sale to Milliken was void also for the grossly inadequate consideration shown ($50). They prayed for a recovery of all interest inherited by Charles Coker in the said 280 acres of land, and that their title be quieted in them and all clouds thereon removed.

Appellant answered, specially excepting to the petition on the ground that it attempts to make a collateral attack upon the sale made by the sheriff under an order of sale issued out of the district court on a judgment rendered. He further answered that, when the deed of trust was executed, the lands were the homestead of Mrs. A. Coker, and not the homestead of Charles Coker; that Charles Coker abandoned the premises as a homestead in 1925, and moved away; and he claims by cross-action the entire interest inherited by Charles Coker in the premises; and, by trial amendment, he alleges that, if he be mistaken in his claim that he has by the sheriff's deed acquired all of the title inherited by Charles Coker in the lands,

then he is entitled to have fixed· his right to foreclose his judgment lien against the interest inherited by Charles Coker at his mother's death.

The cause being tried to a jury, at the close of taking of evidence the trial court gave the jury a peremptory instruction to find for plaintiffs (appellees) for a one-fourteenth undivided interest in the lands, and upon receipt of such verdict rendered judgment accordingly and awarding defendant (appellant) a like interest and quieting the titles of the respective parties to the interests so adjudged.

All parties moved for a new trial, their motions were overruled, and all gave notice of appeal, but W. D. Milliken only has perfected an appeal. The appellees have made no appearance by brief or otherwise.

■■ The first assignment of error complains at the failure of the trial court to sustain appellant's special exception to appellees' pleading as constituting a collateral attack on the judgment against Charles Coker.

We consider the pleading as a direct attack and not one that is collateral.

But, if the property was being occupied by Coker and his family as a homestead when he executed the deed of trust, Milliken cannot close his eyes to such fact, and Coker's surviving wife and children are not estopped from attacking the sale made under the judgment of foreclosure. Texas Land & Loan Co. v. Blalock, 76 Tex. 85, 13 S.W. 12.

■ If it is established that the property was being occupied by Coker and his family as a homestead when he executed the deed of trust to Milliken, the lien thus attempted to be created was absolutely void, and the sale thereunder passed no title to the purchaser. Article 16, § 50, Texas Constitution; Inge v. Cain, 65 Tex. 75, 79; Caywood v. Henderson (Tex.Civ.App.) 44 S.W. 927; Hays v. Hays, 66 Tex. 606, 1 S. W. 895.

But if the homestead right is established as existent, when the deed of trust was executed, the pronouncement in the case of Wooten Motor Co. v. First Bank of Swenson (Tex.Com.App.) 281 S.W. 196, to the effect that the instrument is absolutely void and of no effect, and that its invalidity may be asserted whenever and wherever called in question, by any person whomsoever, whose rights may be affected, and that it may be attacked directly or collaterally is full answer to appellant's contention.

■ The second and third assignments of error assert that the trial court erred in instructing the jury to find for the plaintiffs as to the undivided one-fourteenth interest, and in not rendering judgment in favor of appellant for the entire one-seventh interest inherited by Coker, because appellant purchased such interest when the sheriff made the sale to him on October 7, 1930.

The order of sale under which the sale was made and the sheriff's return conclusively show that the sheriff had no authority, under the writ, to sell any interest owned by Coker except the undivided one-fourteenth interest which he owned when the deed of trust was executed. The language used by the sheriff, in the deed, and quoted by us above, does not change· the record, nor does it serve to enlarge the sheriff's powers of authority. Such language is mere surplusage here.

The fourth and fifth assignments of error assert that the trial court erred in not establishing appellant's abstract of judgment lien against an undivided one-fourteenth interest in the premises, and erred in not rendering judgment both establishing and foreclosing such lien on such undivided interest.

■ It is too well established with us that "Certain and conclusive evidence of abandonment, with no intention to return and claim the exemption, is required before a homestead, once occupied as such, can be subjected to forced sale." Bogart v. Cowboy State Bank & Trust Co. (Tex. Civ.App.) 182 S.W. 678, 681, and cases cited.

■ If another home is not shown to have been acquired, it is said that proof of intention not to return to the premises in question must be clear. Shepherd v. Cassiday, 20 Tex. 24, 70 Am.Dec. 372; Gouhenant v. Cockrell, 20 Tex. 96; Bell v. Franklin (Tex.Civ.App.) 230 S.W. 181.

■ That the wife and children may lawfully claim homestead rights in the husband and father's separate estate is equally well established, and we are in hearty accord with the language used by Justice Reese in Ward v. Walker (Tex. Civ.App.) 159 S.W. 320 (writ refused), wherein it is held that, having acquired a homestead, a man situated as was Coker could not pull his obedient wife and chil-

dren from pillar to post, and cause them by their conduct to defeat their homestead rights.

Our Supreme Court in Wheatley v. Griffin, 60 Tex. 209, said: "There is nothing in the constitution or laws of this state which prevents the homestead right of the wife from attaching to any interest in land which may be owned by the husband or wife, or by the community, and be used as homestead; and the great current of authority is to the effect that the homestead right will attach to an equitable estate, an estate for life, or even to a leasehold interest."

Charles Coker, before his demise, brought this suit to recover his interest in the lands in question. Since his death his widow and children, several of whom are minors, have prosecuted the cause, seeking relief.

The evidence tended to show that Charles Coker and family were occupying the lands in controversy as a homestead at the time the deed of trust was executed by Charles Coker to W. D. Milliken, which instrument was not joined in by Coker's wife.

The record discloses that Coker's wife was not a party defendant to the suit for debt and foreclosure.

The evidence discloses that Coker's one-fourteenth interest in the lands was worth much more than $1,000 when same was sold to Milliken on his bid of $50, which was without doubt credited upon the judgment out of which the order of sale issued.

The issue of abandonment of all homestead rights as to the first-acquired undivided interest inherited by Coker, on the part of Coker and his wife, should have been submitted to the jury. The issue of occupancy of the lands, as a homestead, by Coker at the time of the execution of the deed of trust to Milliken and that of inadequacy of the consideration for the sale to Milliken should be submitted.

The granting of the peremptory instruction and entering judgment for appellees for an undivided one-fourteenth interest in the lands and awarding a like interest to appellant, in our opinion, is fundamental error.

The judgment of the trial court is reversed, and the cause is remanded for a trial on the merits as to the issues discussed.

### On Motion for Rehearing.

It is vigorously contended by the plaintiff in error that, because defendants in error did not appeal from the judgment of the district court and have not filed assignments of error and have made no appearance by brief contending for any relief, they must be held to have acquiesced in the judgment which denied them a one-fourteenth interest in the property in question and awarded them a like interest therein.

We believe that this court is as much a court of equity as it is a court of law, and that, when one party appeals from a judgment, if, from the record, this court is of the opinion that the case was not properly tried as to all issues and that the judgment was improperly entered, it is our duty to reverse and remand in its entirety. We do not believe the trial court had the right to take this case from the jury under the record as presented.

Accordingly, the motion for rehearing is in all things overruled.