**MILLER v. NACOL et al.**

No. 15072.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 21, 1949.

Rehearing Denied Dec. 2, 1949.

Ralph P. Mathis, and L. V. Abernathy, both of Wichita Falls, for appellant.

Allen, Locke & Kouri, and W. Taz Locke, all of Wichita Falls, for appellee, Adam Nacol.

Dawson, Jones & Parish, and Elmer H. Parish, all of Wichita Falls, for appellee, A. R. Etter.

HALL, Justice.

On November 4, 1948, appellee Adam Nacol entered into the following written agreement with appellant G. A. Miller, said agreement being the basis for this law suit:

"this serves as a *puliminary* agreement to a lease agreement between G. A. Miller lessee and Adam Nacol lessor at 1107 access road; and the 40′ X 60′ quonsit building

together with the space and improvement between. The terms of this lease are agreed as ($185.00) one hundred eighty five dollars per month payable the 1st day of Jan. 1949 in advance and each month thereafter for a period of five years.

"It is agreed that G. A. Miller has the privilege of subletting the premises.

"It is agreed that G. A. Miller has the privilege of using the land South and southwest of this quonsit up to the end of my line with the understanding that *assess* and withdrawal for Casey and others be kept open.

"Lessee agrees to hereby pay the last two months and the first month in advance and to allow lessor necesary space to store his material and to sell same for 30 days.

"Lessee (signed)    G. A. Miller
"Lessor (signed)    Adam Nacol"

Before the written memorandum was executed by the parties, appellee took appellant out and showed him the premises which he was to occupy. Appellant acquired possession of the property some time in the latter part of December, 1948. Appellee accompanied appellant to the property about said time and introduced him to the neighbors in the vicinity of the property and gave him keys to the property.

Shortly after appellant Miller took possession he sub-leased the property to appellee A. R. Etter, who was a party to the suit hereinafter referred to. Appellee Nacol collected from appellant the first month's rent and the last two months' rent of the five year term, as set out in the memorandum at the time it was executed. In the latter part of January, 1949, appellant sent appellee his check for the sum of $185 for payment of the second month's rent. Appellee Nacol refused to accept the check on the ground that there had not been a complete contract executed between the parties. Nacol prepared a contract and submitted it to appellant, covering the property in question, which was not satisfactory to appellant for the reason there were provisions added to said lease which were not in the original tentative written agreement, and to which he had not agreed, to wit: First, the new lease required ap-

pellant to carry on said premises the sum of $10,000 property damage insurance and $20,000 public liability; second, "lessor hereby agrees to allow lessee to sublet a portion of the premises if the same is sublet to a reputable business firm or person;" and third, said lease may be canceled after a year "in the event the lessor may have an opportunity to make a bona fide sale of the premises * * *." In short, the new proposed lease submitted by appellee to appellant contained fifteen provisions when the original memorandum only contained four provisions.

Appellant sued appellee for specific performance of the contract. Appellee Nacol sued appellant Miller and appellee Etter in trespass to try title to the property in question. The two cases were consolidated and tried in the District Court of Wichita County, Texas.

The court instructed a verdict in favor of appellee Adam Nacol and against appellant Miller for specific performance of the agreement. The court also gave appellee Etter the sum of $250 as attorney's fees.

The court's judgment in all other respects placed the parties in status quo financially, Etter having paid appellant $1,175 for rentals due on the property, including the last four months' rent of the five year term under the sub-lease contract.

Appellant G. A. Miller presents this appeal submitting three points of error, as follows:

1. "The error of the court in refusing to permit appellant to offer in evidence the written agreement between Nacol and Miller dated November 4, 1948, as is fully set out in the Bill of Exception No. 1."

2. "The error of the Court in refusing to permit appellant to prove by extrinsic or parol evidence the location of 1107 Access Road."

3. "The error of the court in entering judgment for attorney's fees in behalf of Etter on the ground that he was a stakeholder, since he was not a stakeholder but a party to the suit with a vital interest in the subject matter of the suit."

Both parties testified that there was to be an additional lease prepared and executed

by the parties. Appellee Nacol contends that he would like to have additional provisions in the lease as submitted in his contract for approval. We have read his testimony and nowhere does he testify that the additional agreements set out in his submitted proposed lease were agreed upon by the parties at the time the memorandum was executed.

Appellant contends that he was willing to rely upon the memorandum as a contract but that it was understood between the parties there would be a new contract entered into between the parties containing only the provisions of the memorandum.

Upon the trial of the case appellant attempted to introduce in evidence the executed memorandum of November 4, supra. The same was refused admission by the court on the ground that the property was insufficiently described, because said instrument to meet the requirements of the statute of frauds must furnish within itself or by reference to some other existing writing or data by which the particular land may be identified with reasonable certainty, appellee having invoked the statute of frauds.

In our study of the written memorandum, if we find that the instrument does not specifically indicate that appellee was the owner of the property, the trial court was correct in not admitting the instrument in evidence so far as the instrument itself was concerned, under holding of the Supreme Court in the case of Wilson v. Fisher, Tex.Civ.App., 105 S.W.2d 304. However, where the description indicates ownership by the grantor, it "is sufficient when it is shown by extrinsic evidence that the party to be charged and who has signed the contract of memorandum owns a tract and only one tract of land answering the description in the memorandum." Pickett et al. v. Bishop, Tex.Sup., 1949, 223 S.W.2d 222, 223.

We note in the third paragraph of the written memorandum of November 4, 1948 that it signifies ownership of appellee Nacol, said paragraph being as follows: "It is agreed that G. A. Miller has the privilege of using the land South and south-

west of this quonsit up to the end of my line with the understanding that assess and withdrawal for Casey and others be kept open."

We interpret the words, "using the land South and southwest of this quonsit up to the end of my line," as signifying ownership by appellee Nacol, and therefore under the Bishop case, supra, the description is sufficient.

Appellee contends that said contract was inadmissible because it failed to show the state, county or city in which the property was located. This contention would no doubt be good if it were not for the fact appellee accompanied appellant to the grounds and showed him exactly the property he was leasing; that he stood idly by and allowed Miller and his sub-tenant to take possession of the property; he gave him the keys to the property and received rents from the property, not only for a portion of the first year but rents for the last year of the contract, namely, the fifth year; he stood idly by and allowed appellant and his sub-tenant to clean up the premises and repair the property. Appellee Nacol paid for such improvements. He testified in substance, however, the reason why he did pay for the permanent improvements placed on the property by Miller and his sub-tenant was in order to protect himself in this law suit.

"A contract for the lease of land, the terms of which have been complied with by the lessor, and partially complied with by the lessee, and under which the lessee has taken possession and received benefits for the contract term, is not within the operation of the statute of frauds, and is enforceable irrespective of its validity when executed; and the lessee cannot escape liability under such contract by asserting its invalidity for insufficient description of the land, or for other cause. Wanhsoaffe v. Pontoja, Tex.Civ.App., 63 S.W. 663; Alford Bros. & Whiteside v. Williams, 41 Tex.Civ.App. 436, 91 S.W. 636, 637; Taffinder v. Merrill, Tex.Civ.App., 61 S.W. 936; Dockery v. Thorne, Tex.Civ.App., 135 S.W. 593; Garrett v. Danner, Tex.Civ.

App., 146 S.W. 678; Gulf, C. & S. F. Ry. Co. v. Settegast, 79 Tex. 256, 261, 15 S.W. 228." Folmar v. Thomas, Tex.Civ.App., 196 S.W. 861, 864.

■ We find the facts in this case meet the requisites of removing a case from operation of the statute of frauds, in that, first, part payment of the consideration for the lease was accepted by appellee Nacol from appellant Miller, a portion of which was to be applied beyond the one year period; second, possession by the lessee with the consent of the lessor; third, the making of valuable permanent improvements upon the property, such as cement slabs, dirt hauled, etc.; or four, without such improvements (if it be ascertained they would not apply due to appellee's having voluntarily paid for same), if the case is possessed of such facts as would make the transaction a fraud upon lessee Miller if his lease is not enforced. Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216.

Appellant Miller sub-let these premises to Etter for a profit of $40 per month for the five year period the lease was to run, making a total profit of $2,400. Appellee Nacol does not contend that Miller and his sub-tenant are occupying property not described in the lease. He was perfectly satisfied with the lease (and even gave appellant $50 of the first payment back as a gift). Some time before and at the time of trial appellee Nacol was unwilling to execute the second lease to appellant Miller which he, Nacol, had prepared, outlining a number of additional requirements. Nacol is not dissatisfied with the premises having been sub-leased to Etter.

■ It is the law in this state that equity will not allow the statute of frauds to apply where such application will render a hardship or perpetrate a fraud upon the opposite party, where the facts are similar to those of the case at bar. Johnson et al. v. Smith et al., 115 Tex. 193, 280 S.W. 158; Ward v. Etier, 113 Tex. 83, 251 S.W. 1028; 20 Tex.Jur., sec. 129, pp. 344–345.

■ Appellee Nacol tried this case on the theory that after writing the memorandum of November 4, he could later include in a contract all the provisions he desired, but the law is contrary to such contention.

■ In the trespass to try title suit brought by Nacol, Etter was made a defendant. Etter was not made a defendant in the suit brought by Miller. In his amended answer, replying to Nacol's petition, he plead not guilty, and prayed that his lease with Miller be ratified and confirmed by the court. He further plead that he did not know to whom he should pay rent, and paid into court the sum of $675, saying, in effect, that if Miller's lease should be upheld, rent should be paid to Miller for a named three months at the rate of $225 per month, and that if Nacol should prevail in the suit, Etter was liable for the reasonable rental value of the premises for said three months in an amount not exceeding $175 per month.

The judgment treated Etter as a stakeholder, and awarded him an attorney's fee of $250 out of the money he had paid into court.

Since the judgment is being reversed and the cause is being remanded, the judgment with respect to the attorney's fee necessarily is set aside, but in view of another trial we hold that under the present state of the pleadings Etter is not in the attitude of a neutral stakeholder. His pleadings contested Nacol's trespass to try title suit and prayed that Etter's lease with Miller be confirmed by the court, which of course could have been done only in the event Miller's lease was upheld. It is apparent that Etter did not take a neutral stand as between Nacol and Miller, and that he paid the $675 into court only to avoid the risk of paying it to the wrong party. Under such circumstances he would not be entitled to an attorney's fee.

We find the trial court erred in refusing to admit in evidence the written memorandum dated November 4, 1948, and we further find under the facts in this case the court erred in refusing to permit appellant to prove by extrinsic or parol evidence the location of 1107 Access Road.

Judgment of the trial court is reversed and remanded for a new trial not inconsistent with this opinion.