BAINES et ux. v. RAY et ux.

No. 12409.

Court of Civil Appeals of Texas. Galveston.

June 5, 1952.

Rehearing Denied Oct. 9, 1952.

566

Stewart, Burgess & Morris, George W. Eddy, Joe Abbate, Jr., Houston, for appellants.

Peden & Stevens, O'Brien Stevens, Houston, for appellees

GRAVES, Justice.

This appeal is from a judgment of the 11th District Court of Harris County, Honorable Ben Moorhead, Judge Presiding, without a jury, decreeing that the appellee Emma Ray—who was joined pro-forma by her husband, appellee E. D. Ray,—recover from the appellants George Baines and wife, Lucille Baines, this property:

"The East ½ of Lots 5 and 6, in Block 59 of Chapman's Third Addition to the City of Houston, in Harris County, Texas, which property is sometimes called and commonly known as 3105 Quitman Street, in the City of Houston, Texas."

It was further decreed that, since the value of the improvements put by the appellants upon the property during the period of their occupation thereof, equalled the value of its use to them, during that same period, the appellants should recover nothing upon their pleaded-claim for the value of such improvements.

Otherwise, than as recited in its decree, the trial court stated no findings-of-fact or law, nor were any requested by either side.

The material substance of appellants' two points-of-error in this Court, is as follows:

I.

The appellees' claim is based upon a devise under the fourth clause of the last will of John Dixon, deceased, which clause does not describe the property with sufficient certainty to meet the requirements of both the Statute of Wills, and the Statute of Frauds;

II.

The trial court erred in admitting extrinsic evidence to locate and identify the property sought to be devised by the testator, John Dixon, by the fourth clause of his will.

The appellees, in turn, reply to appellants' presentments with these three counterpoints, to wit:

"First Counter-Point: The rule as to definiteness of description, as required under the statute of frauds, may not here be invoked as absolute, or controlling, for, in the interpretation of wills, a more liberal construction will be resorted to than in the construction of deeds of conveyance of real estate, or other written instruments.

"Second Counter-Point: The parol evidence the trial court heard, was admissible to aid in determining the testator's intent, to show what property was included in the devise, and to apply the description to the ground.

"Third Counter-Point: The devise under the 4th clause of John Dixon's will is valid, because it furnishes within itself the means, or data, by which the property may be identified with reasonable certainty."

Appellants support their points by citing these authorities: Articles 3995 and 8283, Vernon's Ann.Civ.St.; Greer v. Greer, 144 Tex. 528, 191 S.W.2d 848; Heidenheimer v. Bauman, 84 Tex. 174, 19 S.W. 382; Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216; Kennedy v. Upshaw and Cox, 64 Tex. 411; Lambert v. Lambert, Tex.Civ.App., 243 S.W. 623, error dismissed; Lewis v. Aylott's Heirs, 45 Tex. 190; Moffett v. Moffett, 67 Tex. 642, 4 S.W. 70; Ray v. Fowler, Tex.Civ.App., 144 S.W.2d 665, error dismissed; and Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150.

On the other hand, the appellees seek to support their answer, in opposition, by citing many texts and court decisions, among them, these: 44 Tex.Jur. 700; Hassell v.

Frey, 131 Tex. 578, 117 S.W.2d 413; Lawrence v. Lawrence, Tex.Civ.App., 229 S.W. 2d 219 (error ref.); Hereford v. Tilson, 145 Tex. 600, 200 S.W.2d 985; Elliott v. Henck, Tex.Civ.App., 223 S.W.2d 292; Miller v. Nacol, Tex.Civ.App., 224 S.W.2d 734; 44 Tex.Jur. 823; Hocker v. Piper, Tex.Civ. App., 2 S.W.2d 997; Lambert v. Lambert, Tex.Civ.App., 243 S.W. 623; Kelley v. Harsch, Tex.Civ.App., 161 S.W.2d 563; Houston Bank & Trust Co. v. Lansdowne, Tex.Civ.App., 201 S.W.2d 834 (error refused); Grubb v. Anderson, Tex.Civ.App., 38 S.W.2d 847; 17 Tex.Jur. 597–599; McCormick & Ray, Texas Law of Evidence, Sections 516–517; Bird v. Pace, 26 Tex. 487; Hays v. Hays, 66 Tex. 606, 1 S.W. 895; Krenz v. Strohmeir, Tex.Civ.App., 177 S.W. 178; Townsend v. Chaillett, Tex.:Civ. App., 45 S.W.2d 354; and Nagel v. Kiibler, Tex.Civ.App., 212 S.W.2d 1009.

Able counsel for appellants, thus, clearly and frankly, in their brief—in material substance—state their contention:

"The sole question presented by this appeal is, whether or not the property claimed by plaintiffs was sufficiently described in the will of John Dixon, deceased, under which plaintiffs' claim arose, to satisfy the requirements of both the Statute of Wills and the Statute of Frauds." * * *

"This appeal is founded upon the premise that, in order for title to real estate to pass by virtue of a devise in a will, the property sought to be devised must be described in the will itself, or by reference in the will to some other instrument, with the same degree of certainty as is required by the Statute of Frauds, and that, absent such certainty of description, extrinsic evidence is inadmissable to identify and describe the real property sought to be devised."

■ Without extended discussion being deemed necessary, and with due deference to such position, this Court is unable to hold with appellants, that the rule as to definiteness of description, as required under the Statutes of Frauds and of Wills, should be applied to this controversy, as so outlined, because, in a word, it fails to find appellants' position to be supported by the authorities they so cite in their brief.

■ Upon the contrary, as the authorities cited, in their turn, by the appellees, make plain, our courts appear to this Court to agree that, in the interpretation of wills, a more liberal rule of construction will be resorted to, than in the construction of deeds, or other written instruments. That construction has become a rule of our jurisprudence, as is indicated in the cited 44 Tex.Jur. 700, Hassell v. Frey, 131 Tex. 578, 117 S.W.2d 413, and Lawrence v. Lawrence, Tex.Civ.App., 229 S.W.2d 219, error refused.

There seems such a unanimity among our courts as to that holding that it would seem to be useless repetition to undertake a further discussion of it.

■ Furthermore, the will of John Dixon, here involved, as the appellees' quoted counter-points have contended, furnishes a sufficiently-definite description of the property, by giving the street number of the rent house, and establishing with certainty its location within the City of Houston, Harris County, Texas, at 3105 Quitman Street, by which it not only can be, but which the undisputed evidence herein shows, was done. That is, the definite means by which a surveyor could and did locate the property.

■ Furthermore, in order to ascertain the intent of the testator and give it effect, it is held that the parol evidence the trial court did admit in this instance, was receivable for that purpose. Kelley v. Harsch, and Grubb v. Anderson, supra.

In other words, it is held that the essential elements of the description of the property here involved were supplied by the testator, because it at least furnished the means, or the data, by which this property could be, and as indicated, actually was, by the surveyor, identified, not only with reasonable, but actual certainty.

These conclusions require an affirmance of the judgment. It will be so ordered. Affirmed.