Anna Heidenheimer v. Meyer Bauman et al.

No. 3347.

1. **Will — Trust with no Beneficiaries Named.** — The clause in a will, "all other property, both real and personal, which I may own at the date of my death, after paying, etc., * * * I give, devise, and bequeath to my brother Abe Heidenheimer, in trust, to be disposed of as I have heretofore or may hereafter direct him to do," is inoperative, because it does not designate the beneficiaries for whom the trust was intended.

2. **Will—Devise Must be Certain—Writings.**—A will on its face or by reference to some paper existing when it is executed, and so referred to and identified as to become a part of it, must declare not only what the bequest or devise shall be, but also who shall take it directly or beneficially through a trustee. A paper not so identified can not be used as part of the will, or to direct its bequests.

3. **Parol Evidence as to Testator's Intent.** — Parol testimony is admissible often to enable a court to give effect to an intention expressed in a will; but it is never admissible for the purpose of showing a testator's intention by proof of his oral declarations of intent, either as to the person who shall take his estate or as to what particular part of his estate any one person was intended to receive.

4. **Statute of Wills.** — While the language of the statute prescribing the requisites of a will is affirmative, it as fully denies testamentary effect to parol declarations as would it if it expressly declared that no testamentary disposition of property should be made in any manner other than that prescribed.

5. **Heir at Law Takes Upon Lapse of Trust.**—In the absence of a valid testamentary disposition by the testator of any part of his estate, such estate vests in the heir at law; and as the will under consideration did not purport to confer upon the trustee any beneficial interest and no beneficiary was named, the legacy lapsed and the heir at law takes the estate given to the trustee in trust. A trust not sufficiently declared on the face of the will can not be set up by extrinsic evidence to defeat the rights of the heirs at law.

6. **Same.**—The bequest to Abe Heidenheimer being in trust without a declaration of the beneficiaries in the face of the will, or by some paper that can be regarded as part of it, is no bequest at all so far as the beneficial interest is concerned, for it shows an intent that it should not vest in him, and does not declare in whom it shall vest. The law vests it in the heir.

Appeal from Galveston. Tried below before Hon. Wm. H. Stewart. The opinion states the case.

*Scott, Levi & Smith*, for appellant.—1. Clauses 3 and 4 of the will of Samson Heidenheimer are inoperative, for that by them the residuum of his estate is bequeathed to Abe Heidenheimer for and upon trusts the nature and beneficiaries of which are not defined in the will itself as probated, and could not be properly defined by any evidence dehors the will itself as probated, and that portion of the estate undertaken to be bequeathed in clauses 3 and 4 of the will descended to appellant Anna Heidenheimer, who is the sole heir at law of Samson Heidenheimer, deceased, in respect of said property, as if in respect of said property the said Samson Heidenheimer had died intestate. Rev.

Stats., arts. 1646, 1938, 4857, 4859; Hunt v. White, 24 Texas, 643; Kennedy v. Upshaw, 64 Texas, 411; Philleo v. Holliday, 24 Texas, 38; Thayer v. Wellington, 85 Am. Dec., 753; Olliffe v. Wells, 130 Mass., 224; Nichols v. Allen, 39 Am. Rep., 445; 1 Perry on Trusts, secs. 90, 92, 93; Lewin on Trusts, 66; 3 Redf. on Wills, 578–580; Hill on Trustees, 97, and note 1; Ludlow v. Hollman, 6 Demorest Sur. Rep., 164; Hunt v. Evans, 25 N. E. Rep., 579; Rose v. Hatch, 26 N. E. Rep., 469; Tilden v. Green, 28 N. E. Rep., 880; Booth v. Baptist Church, 28 N. E. Rep., 238; Langdon v. Astor, 16 N. Y., 26; Williams v. Freeman, 83 N. Y., 569; Will of O'Neill, 91 N. Y., 523; Pritchard v. Thompson, 95 N. Y., 76; Holland v. Allcock, 108 N. Y., 312; Reed v. Williams, 26 N. E. Rep., 730; In Re Kelemen's Will, 26 N. E. Rep., 968; O'Hara v. Dudley, 95 N. Y., 403.

2. The witness Abe Heidenheimer was incompetent to prove the facts testified to by him in this cause over the objection of plaintiff, as shown in the statement of facts, because he was a party to the suit, and his testimony related to conversations had with the deceased in support of a position assumed by him in the case adverse to the claim of the plaintiff as heir at law of the deceased. Rev. Stats., art. 2248; Parks v. Caudle, 58 Texas, 216; Reddin v. Smith, 65 Texas, 26; Simpson. v. Brotherton, 62 Texas, 170; McCampbell v. Henderson, 50 Texas, 602.

3. The court erred in its conclusions of fact and the law based thereon, to the effect that the plaintiff having received a part of the devise to her must be held to have elected to take under the will, and that in any event the bequest to her was as much as her community interest would have amounted to after deducting the charge of the decedent's separate estate; by which conclusion of law the court held erroneously that the plaintiff as surviving wife of Samson Heidenheimer is not entitled to any portion of their community estate, and can only receive from the estate what is bequeathed to her in the will. Rev. Stats., art. 4858; Parker v. Parker, 10 Texas, 88; Mayo v. Tudor, 74 Texas, 473; Haley v. Gatewood, 74 Texas, 284; Carroll v. Carroll, 20 Texas, 743; Moss v. Helsley, 60 Texas, 426.

*McLemore & Campbell,* for appellees.—1. The residuum of the estate having been bequeathed to Abe Heidenheimer, so that the legal and equitable title and estate in the property passed to said Abe Heidenheimer on the publication and probate of the will, it was not necessary that the objects and purposes of the testator in making such bequest should be defined or mentioned in the will; and the incidental mention by the testator in his will of the object of the bequest of this residuum of his estate to "my brother Abe Heidenheimer" would not destroy the bequest, because a technical trust was not created by the will in order to carry out the testator's intention, and because it is com-

petent for a testator to make an unqualified bequest in his will to a person named and to graft a power thereon without mention or definition of the trust in the will, and such trust intended can and will be allowed to be established by evidence dehors the will, as otherwise a fraud could be operated on the testator and against those interested in the property conveyed, and against the intention of the testator; and to prevent this and carry out the intention of the testator the courts assist by hearing evidence. If this bequest had been to Anna Heidenheimer for the same purpose, the wrong would not be permitted to stand as now claimed to be right.

If the grantor by formal deed or will vest a complete title in the grantee or legatee, a court must declare against the written terms of the deed or will if it be satisfactorily shown by parol evidence or otherwise that the deed or will was made for the benefit of other persons not named or mentioned in the deed or will as beneficiaries. The statute of fraud or of wills will not be allowed to operate a fraud or wrong; and of course the mere fact that the will or deed may incidentally recite that the conveyance to the party named is given to enable the grantee to sell the property for the purpose of carrying out requests or instructions will not destroy the grant or bequest on the ground that a technical trust was not created, when none was intended. If the articles 3 and 4 of the will had provided that the residuum should go as a bequest to Abe Heidenheimer for reasons "that he knows about," and as "I have told him," certainly the bequest would be good, notwithstanding it might or would be manifest that the residuum had not been bequeathed to Abe Heidenheimer for his own use and enjoyment, but for some undisclosed reason or object. Gibbs v. Rumsey, 2 V. and B., 294; Cook v. Brooking, 2 Vernon's Ch., 50, 106; Pring v. Pring, 2 Vernon's Ch., and cases cited in note 3, pp. 98, 99; Hone v. Van Shaick, 7 Paige (Ch.), N. Y., 230; 7 Paige (Ch.), 534; 1 Keys, 141; Smith v. Attorsol, 1 Russell, 266; Riordan v. Bonan, 10 Ired. Eq., 469, V. C.; Fleetwood Case, 15 Ch. D., 594; 4 Kent's Com., Uses, Powers, and Trusts, pp. 302–368; 1 Perry on Trusts, p. 68, sec. 82, and notes.

The result of the foregoing cases being that they sustain bequests to trustees by name—upon secret trust, orally or verbally communicated to such trustees—and such trusts not defined in the will, on the principle that the bequest passes the title to the property; and the fact that the testator trusted the title and the property to the trustee made no difference as to the reasons or purposes. All the Texas cases illustrate that the courts will go behind the writing to prevent a fraud or wrong, and invite or hear parol evidence to show the very truth. Miller v. Thatcher, 9 Texas, 482; Hodges v. Johnson, 15 Texas, 572; Hall v. Layton, 16 Texas, 278; Cuney v. Dupree, 21 Texas, 219; Todd v. Dysart, 23 Texas, 597; Rose v. Newman, 26 Texas, 134; Tynan v. Paschal, 27 Texas, 294; Cook v. Knott, 28 Texas, 90; Frizzell v. John-

son, 30 Texas, 35; Johnson v. Deloney, 35 Texas, 48; Moreland v. Barnhart, 44 Texas, 283; Grace v. Hanks, 57 Texas, 15; Pierce v. Fort, 60 Texas, 471; Ross v. McGowen, 58 Texas, 603; Brotherton v. Weathersby, 73 Texas, 473; Smith v. McElyea, 68 Texas, 70.

2. A conveyance of property by deed or will (duly probated) to a person named, reciting in the instrument of conveyance that verbal instructions had been given such person named by the grantor or testator to sell the property and apply the proceeds of the sale of the property as directed by the grantor or testator, would pass the title out of the grantor in the deed, and out of the estate of the testator, without the recital of the purposes of the grantor or testator in the testament, whether for certain beneficiaries or other purposes; and especially when the person named in the grant is a brother or father or trusted friend, as such, and not an executor or technical trustee under a trust to be operated by a court. Testimony dehors the deed or will is admissible to enable the court to put itself in the position of the grantor or testator as to all facts that will help the court to construe the terms of the will as used by the testator, so as to arrive at the very truth of what was the intention of the testator in making the will sought to be interpreted or acted on; whether the technical "trust estate" was intended to be created and left undefined, or the property bequeathed to Abe Heidenheimer to enable him by sale thereof to do as instructed and as he had agreed—which?

It is conceded in the printed argument of appellants, "that the intention of the testator must prevail, if not inconsistent with the law;" "and that extrinsic evidence may aid in arriving at the intention of the testator by showing in what sense he employed the language he has used in his will; and for this purpose parol evidence is admissible to enable the court to understand the meaning of the words in the instrument." Tilden v. Green, 25 N. E. Rep., 884. "At the threshold of every suit for the construction of a will lies the rule that the court must give such construction to its provisions as will effectuate the general intent of the testator as expressed in the whole instrument. It may transpose words and read its provisions in an order different from that in which they appear in the instrument, insert or leave out provisions, if necessary, but only in aid of the testator's intent and purpose—never to devise a new scheme or to make a new will. Hunt v. White, 24 Texas, 652; Philleo v. Holliday, 24 Texas, 41, 42; Moss v. Helsley, 60 Texas, 435.

STAYTON, CHIEF JUSTICE.—The discussion of this case depends on the effect to be given to a clause in the will of Samson Heidenheimer. The entire will is as follows:

"1. I direct that all my just debts shall be paid.

"2   Besides the property which I heretofore donated and gave to my wife Anna Heidenheimer, and which consists of two notes executed by Abe Heidenheimer, and indorsed by M. Lasker, aggregating $28,000, also a note executed by Nelson Davis & Co. for $1200, certain bank stock held by me in a bank at Austin for $2500, a note of one Rosenberg for $1500, and my life insurance, amounting to $15,000, I hereby give and bequeath to my said wife the further sum of $28,300, to be paid to her out of my estate by my executors.

"3.   All other property, both real and personal, which I may own or may be entitled to at the date of my death, after paying the aforesaid legacy to my wife, I give, devise, and bequeath to my brother Abe Heidenheimer, in trust, to be disposed of by him as I have heretofore or may hereafter direct him to do.

"4.   My executors are authorized and empowered to sell and dispose of any and all property of my estate; to pay any and all just debts which I may owe and the legacy herein made to my wife; and the said Abe Heidenheimer shall have full power to sell and dispose of any of the property herein devised and bequeathed to him, as trustee, for the purpose of carrying out my directions to him in regard thereto.

"5.   I hereby nominate and appoint Meyer Bauman, of St. Louis, and Abe Heidenheimer, of Galveston, to be executors of this will and of my estate, and direct that no security shall be required of them as such executors; and it is my will that no other action shall be had in the County Court in relation to the settlement of my estate than to probate and record this will and to return an inventory, appraisement, and list of claims of my estate.

"In testimony whereof, I have hereunto signed my name this 4th day of February, A. D. 1891.

[Signed]   "SAMSON HEIDENHEIMER."

This was probated; and the debts having been paid, the widow asserts claim to the entire estate not disposed of in due course of administration, on the ground that the third clause of the will is inoperative, because it does not designate the beneficiaries for whom the trust was intended.

It is conceded that plaintiff is entitled to recover as sole heir if the clause is inoperative.   The attorney who wrote the will was permitted to testify, over objection, to some matters that were unimportant in the view we take of the case; for we would, in the particular matter referred to, give the same construction to the language of the will as written which would be given to it if the word supposed to have been unintentionally omitted had been inserted.   He was, however, permitted to testify as follows:

"Samson Heidenheimer told me before I wrote his will that he had instructed his brother Abe Heidenheimer as to the disposition he (Abe)

should make of the property which he (Samson) left to him in trust by the will. What these instructions were he did not tell me."

"Interrogatory 7.—Why did you cause to be written in said last sentence of said third clause, 'or may hereafter direct him to do,' after having written, 'as I have heretofore'? State fully. Answer.—I was of the opinion that the sentence, 'or may hereafter direct him to do,' merely showed that the testator by reason of the instructions which he had already given to his trustee, and which did not appear on the face of the will, had not thereby abandoned or surrendered control of his property or his legal right to change his will in such manner as the law permitted him to do; and as the instructions he had given to the trustee were known to said trustee alone, this clause should show that they were intended to be permanent and final, unless changed by codicil or new will.

"Int. 8.—Are you familiar with the fourth clause of said will as written for Samson Heidenheimer and as executed and probated? If yea, please state why you provided therein, as was done, that 'said Abe Heidenheimer shall have full power and authority to sell and dispose of any of the property herein devised and bequeathed to him as trustee, for the purpose of carrying out my directions to him in regard thereto.' What directions were referred to by you, those already given to Abe Heidenheimer, or some that had not been given? A.— I am familiar with the fourth clause of said will. The provision inquired of was put in the will to enable the said trustee fully to carry out the instructions which the testator had theretofore given him, the testator thinking that such a power in the trustee might be necessary for the purpose of executing his (the testator's) directions. The directions referred to by this clause of the will were those the testator had already given to said Abe Heidenheimer, and none others, as the language used plainly expresses.

"Int. 10.—What was the condition of the health of Samson Heidenheimer at the time of the execution of said will? How soon afterward did he die? A.—Samson Heidenheimer's health was not good; he suffered with some ailment the nature of which I do not know, but for which he was about to submit to a surgical operation. He left my office to undergo the operation, and died within some seventeen or eighteen days after the operation had been performed."

One of the executors conceded the right of the widow, but the nature of the defense set up by the other will appear from the will and the evidence of that executor, whose testimony, so far as it need be stated, was as follows:

"Samson Heidenheimer came to me on the morning of the day he made the will, and he sat down in the office and told me of his intention to make the will, and he also stated that he wanted to put $75,000 in my trust, for which I should distribute it according to the way he

instructed me; and I told him as I could not keep everything in my memory I would write that down, and I sat down at the desk and wrote that down on a piece of paper and read it off to him, and asked him if this was what he wanted, and I told him I wrote it down as he called it off to me.''

The witness, in response to an interrogatory by his counsel, offered the written memorandum. The plaintiff objected to the question and answer and to the testimony above given, because the witness undertook now to add to the will, and there was no averment that any such matter testified to has been offered along with the will for probate, and it is incompetent now to be urged as part of the will, or in connection with it. The court overruled the objection and admitted the evidence, to which ruling the plaintiff excepted.

It was admitted that nothing was ever offered for probate except what is in the will itself, and that the only matter that has been probated is the matter that is before the court as the will.

The paper introduced in evidence by the witness Abe Heidenheimer, over plaintiff's objection, is as follows:

''I wrote down the instructions of Samson Heidenheimer as to what I shall do to carry out his testament if S. H. should die before I die. If sufficient money remains over after the debts of Samson Heidenheimer are paid, I am to divide it thus:   His niece Rosa Obenheimer shall receive on the day of her wedding, $5000; Meta Obenheimer on her wedding day, $5000; Lena Lowenberger on her wedding day, $5000; Sara Lowenberger on her wedding day, $5000; my sister, Jetta Davis, $5000.   The balance left over shall be divided among Isaac Heidenheimer, Sara Heidenheimer, Joseph Heidenheimer, and Gretchen Heidenheimer, and the parents shall have control of the property only until their children are so that the parents can pay it over to their children.   It would more satisfactorily meet the wish of S. H. that the money be placed at interest until it is to be divided among the children of my brothers.   My brother Abe understands how to carry out this matter better than he can write it on paper.''

The witness further, over the objections of plaintiff, recited the conversations had between him and Samson Heidenheimer before and after the making of the will, such conversations relating to the contents of the will; and also testified, that the written memorandum above referred to was read to Samson Heidenheimer at the time it was made; that it was in existence before the execution of the will, and Samson Heidenheimer knew of its existence, and that it was preserved as a memorandum.

The alleged beneficiaries under the third clause of the will seem to have become parties to the suit; but it does not very clearly appear how this was done, and on trial before the court it was adjudged that the will vested all the estate remaining after payment of the debts and

the bequest to Mrs. Anna Heidenheimer, in Abe Heidenheimer in trust for the persons alleged by him to be the beneficiaries.

The vital questions in this case are: 1. Are the third and fourth paragraphs of the will inoperative if considered in the light of the entire will? 2. May they be aided by such testimony as was introduced?

The last of these questions will be first considered. The statute provides, that "every last will and testament, except where otherwise provided by law, shall be in writing and signed by the testator, or by some person by his direction and in his presence, and shall, if not wholly written by himself, be attested by two or more credible witnesses above the age of 14 years, subscribing their names thereto in the presence of the testator." Rev. Stats., art. 4859. This statute applies to wills whereby either real or personal property is disposed of; and the purpose of it was to require every testator to leave evidence in writing, attested as the statute requires, of the testamentary disposition made of his estate, except in those cases in which nuncupative wills are permitted, in order that the highest evidence of testamentary intention might be furnished, and fraud and perjury prevented; and it matters not whether the bequest or devise be directly to the legatee or devisee or to a trustee who may be required to hold and administer it for a time for the benefit of the real beneficiary. In either case the will on its face, or by reference to some paper existing when the will is executed and so referred to and identified as to become a part of it, must declare not only what the bequest or devise shall be, but also who shall take it directly or beneficially through a trustee. If after a will is executed the testator desires to change parts of it or to add to it, this may be done by a codicil, which must, however, be executed with the same formalities made necessary by the statute to the validity of testamentary papers.

In the paper before us the beneficiaries are not in any manner pointed out, nor can it be claimed that this was done by any paper referred to and so identified as to make it a part of the will. The memorandum made by the person named in the will as trustee amounts to no more than would the oral declaration of the testator to the trustee; and the last paragraph in it, whether written by the testator or by the trustee at his dictation, suggests a doubt as to whether the preceding parts of the memorandum correctly expressed the wish of the testator as expressed orally by him to the person named in the will as trustee. The evidence introduced was offered for the purpose of showing what the intention of the testator was as to the disposition of the residuum of his estate, and not for the purpose of enabling the court to carry out an intention clearly expressed in the will, but which might be applied to more than one person or thing on account of a latent ambiguity; and when offered for such a purpose, we know of no rule of evidence which justifies the admission of such testimony. To admit it and give effect to it would make a will, whatever the testimony of one or more wit-

nesses may swear was intended by the testator, when the statute requires such intention to be manifested by a writing executed with the formalities prescribed.

Parol testimony is admissible often to enable a court to give effect to an intention expressed in a will; but it is unnecessary in this case to enumerate the purposes for which such evidence may be received, for such evidence is never admissible for the purpose of showing a testator's intention by proof of his oral declarations of intent, either as to the persons who shall take his estate or as to what particular part of his estate any one person was intended to receive. The existence of such a statute as that in force in this State ought to be deemed a sufficient answer to a proposition that such evidence as was admitted in this case ought to be admitted for the purpose of showing who the testator intended should be the recipients of his bounty; for there are no parts of a testamentary paper more important elements in its validity than those which name the beneficiaries and declare what part of the testator's estate each shall receive. While the language of the statute prescribing the requisites to a will is affirmative, it as fully denies testamentary effect to parol declarations as would it if it expressly declared that no testamentary disposition of property should be made in manner other than that prescribed. The reasons on which the requirements of the statute are based have been too often stated to require repetition, are founded on sound public policy, and require the rejection of such evidence as was received in this case. Whart. on Ev., 992–994; Abbott's Trial Ev., 84; Wigram on Wills, 10–13; 1 Greenl. Ev., 289–291; 1 Redf. on Wills, 496–508; 1 Jarman on Wills, 409–413; Schouler on Wills, 567–569.

Are the third and fourth paragraphs of the will sufficient, looking to the entire will, to divest appellant of her right to the estate which it is claimed passed by the three paragraphs? In so far as the fourth paragraph seems to confer power on the person named as the trustee, it is clearly dependent on the third, and adds nothing to it in the way of disposing of any part of the estate.

In the absence of a valid testamentary disposition by the testator of any part of his estate, such estate vested in his heir at law; and it can not be claimed that the third and fourth paragraphs of the will were intended to confer on the person named as trustee any personal or beneficial right to any of the property of the estate of the testator; and, as said by the Supreme Court of Massachusetts, "Where the bequest is declared upon its face to be upon such trusts as the testator has otherwise signified to the devisee, it is equally clear that the devisee takes no beneficial interest; and as between him and the beneficiaries intended, there is as much ground for establishing the trust as if the bequest to him were absolute on its face. But as between the devisee and the heirs or next of kin, the case stands differently. They are not excluded by the will itself. The will upon its face showing that the

devisee takes the legal title only and not the beneficial interest, and the trust not being sufficiently defined by the will to take effect, the equitable interest goes, by way of resulting trust, to the heirs or next of kin as property of the deceased not disposed of by his will." Sears v. Hardy, 120 Mass., 524, 541, 542. They can not be deprived of their equitable interest which accrues to them directly from the deceased; nor by any intention of the deceased, unless signified in those forms which the law makes essential to every testamentary disposition. A trust not sufficiently declared on the face of the will can not, therefore, be set up by extrinsic evidence to defeat the rights of the heirs at law or next of kin. Lewin on Trusts, 3 ed., p. 75; Olliffe v. Wells, 130 Mass., 221.

The statutes of the State of Massachusetts differ in no material respect from the statutes in force in this State relating to the requisites of testamentary papers, and the case before cited denies to the paragraphs of the will in question capacity to deprive appellant of any right she would have if her husband had died intestate. To the same effect are the following cases: Thayer v. Wellington, 9 Allen, 283; Nichols v. Allen, 130 Mass., 211; and many others which might be cited. In the case last cited some of the cases relied on by appellee for the maintenance of a different rule are considered and shown not to be applicable to the case before us.

It is very generally held, that as against a devisee or legatee who has procured a devise or bequest to himself absolute in terms, on promise orally made to a testator to hold for the benefit of or that he will convey it to another, that the intended beneficiary, as against him, may establish and enforce the trust with which the law affects him; but this is based on his breach of confidence or fraud which in many cases gives rise to trusts; and on like grounds in other cases beneficiaries have been permitted to establish by oral testimony and to enforce against devisees trusts growing out of testamentary dispositions of property; but in those cases it will be found most generally that the will was sufficient to divest the heir of right. The theory on which those cases stand is thus clearly stated: "Where a trust not declared in the will is established by a court of chancery against the devisee, it is by reason of the obligation resting upon the conscience of the devisee, and not as a valid testamentary disposition by the deceased. Cullen v. Attorney-General, L. R., 1 N. L., 190. Where the bequest is outright upon its face, the setting up of a trust, while it diminishes the right of a devisee, does not impair any right of the heirs or next of kin in any aspect of the case; for if the trust were not set up, the whole property would go to the devisee by force of the devise; if the trust set up is a lawful one, it inures to the benefit of the cestuis que trust; and if the trust set up is unlawful, the heirs or next of kin take by way of resulting trust." Olliffe v. Wells, 130 Mass., 224.

The rule is thus declared: "But it is not admissible in any other mode (will executed in accordance with the statute) to declare trusts which will be binding upon those to whom property is conveyed by will. But when the will gives a legacy or devise to any one upon trust without declaring such trust, and none is afterward declared, or if so, only in an informal mode, the legatee or devisee will not hold absolutely under the bequest, but he will hold in trust for the testator's heir at law or next of kin, the bequest virtually lapsing by reason of being left incomplete. But if the legatee or devisee be not named as trustee in the will, no informal attempt to declare a trust in behalf of the bequest will affect the title of such legatee or devisee. And when the law requires a will of personalty to be executed with the same formalities as a will of real estate, or with any other formalities, it will require testamentary trusts in regard to such property to be established by the same formalities." * * * Any other rule in regard to testamentary trusts would be liable and very likely, in practice, to trench gradually upon the prescribed formalities in the execution of wills; for if trusts of a testamentary character might be declared by the testator by mere oral declarations or by writing not executed with the same formalities required in the execution of wills, men's final dispositions would in many cases be made up largely of such acts and declarations as the cupidity of claimants and the recklessness or indifference of witnesses might dictate." 3 Redf. on Wills, 579.

"Sometimes a testator distinctly shows an intention to create a trust, but does not go on to denote with sufficient clearness who are to be its objects; the effect of which obviously is, that the devisees or legatees in trust (whom we suppose to be distinctly pointed out) hold the property for the benefit of the person or persons on whom the law, in the absence of disposition, casts it; in other words, the gift takes effect with respect to the legal interest, but fails as to the beneficial ownership." 1 Jarman on Wills, 383.

"If a testator should devise real or personal property to A in trust, and state no trust on which A is to hold, no paper not referred to in the will, and not duly executed, could be received in evidence to prove the trusts; nor could A hold the beneficial interest, because he is stamped with the character of a trustee, but he would hold only the legal title, while the beneficial interest would descend or result to the testator's heirs at law." 1 Perry on Trusts, 93.

The bequest to Abe Heidenheimer being in trust without a declaration of the beneficiaries in the face of the will, or by some paper that can be regarded as a part of it, is no bequest at all so far as the beneficial interest is concerned; for it shows an intention that this should not vest in him, and does not declare in whom it shall vest, and the law vests it in appellant, who is the heir of the testator.

This ruling may defeat the real intention of the testator; but, under the law, we can not seek for nor recognize a testamentary intention not evidenced as the statute requires it to be, in order to avoid what may seem to be a hardship in the particular case.

The judgment of the court below will be reversed and here rendered for appellant on the main questions in the case, which renders it unnecessary to consider other questions in the case necessary to have been considered had our conclusions been different.    It is so ordered.

*Reversed and rendered.*

Delivered March 25, 1892.