**RAY et al. v. FOWLER et al.**
No. 3989.

Court of Civil Appeals of Texas. El Paso.
Oct. 17, 1940.

Rehearing Denied Nov. 20, 1940.

Andrew Longaker, of San Antonio, for appellants.

Crain, Vandenberge & Stofer, of Victoria, and Frank W. Martin, of Goliad, for appellees.

PRICE, Chief Justice.

This is an appeal from a judgment of the District Court of Goliad County. Judgment was against the plaintiffs (appellants here) and in favor of defendant (appellee here).

The first question arising is, whether the petition of appellants gave jurisdiction to enter judgment herein. Trial was before the court on a second amended original petition. A plea of intervention was filed by Monnie Billups and Louis Billups, minors, through their next friend, Emily Billups Moore. This intervention adopted the second amended original petition of the other appellants. Appellee plead by first amended original answer. Appellants joined in a supplemental petition in reply to appellee's pleading. The style of the second amended original petition is as follows: "Will Ray, et al. v. W. E. Fowler, et al," and then same is addressed to the court. The body of the pleading commences as follows: "Now come all parties plaintiff," etc. The names of the plaintiffs are not given. In the fourteenth paragraph appears this allegation: "That defendant particularly knew of such need on the part of plaintiffs, Robert Billups, Clarence Billups, Mary B. Levi and Emily B. Moore." In the supplemental petition Will Ray, Thomas Ray, Jessie Ray, Clarence Billups, Robert Billups, Mary B. Levi, Monnie Billups, Louis Billups and Emily B. Moore, individually and as next friend, are named as plaintiffs. These named parties perfected this appeal. In the judgment each is specifically named and the appearance before the court of each is recited therein. We think the record sufficiently named the plaintiffs as required by Article 2003, R.S. 1925. Had the pleadings failed to name the parties plaintiff, we would be inclined to agree with the position of appellee that a judgment could not be validly entered in favor of the plaintiffs. Further, if plaintiffs had not been named, we think appellants' contention that no valid judgment could have been rendered against plaintiffs and in favor of appellee is likewise sound.

Appellants were plaintiffs below and will be here so designated, and appellee will be designated as defendant.

This controversy in a large measure centers around the will of Mary Tippen Billups, who died some time in the year 1925. Plaintiffs are the sole heirs of Mary Tippen Billups, and allege that they were the beneficiaries of the trust referred to in said will. Defendant was named as independent executor in the will of Mary Tippen Billups, and upon her death caused the will to be probated and took the oath as executor, and acted as such.

The will in question is set forth in the findings of fact and conclusions of law filed by the trial judge. We believe that the setting forth of such findings in full will aid in the discussion of the issues raised by this appeal.

"Findings of Fact

"I find that Mary Tippen Billups died on or about January 12, 1925, leaving a last will and testament dated December 8, 1924, reading as follows:

" 'The State of Texas, County of Goliad.

" 'Know All Men by These Presents: That I, Mary Tippen Billups, also sometimes known as Mary Lippen Billups, of the said county and state, being of sound and disposing mind and memory, and being desirous of disposing of all my worldly estate with which it has pleased God to bless me, while I have the physical and mental strength so to do, do make and publish this my last will and testament, hereby revoking any and all wills by me at any time heretofore made.

" 'I give, devise and bequeath all of the property, real, personal and mixed of which I may die possessed and all such that I shall be entitled to at such time, especially all money coming to me from the Government of the United States of America, to W. E. Fowler, trustee; to have and to hold and the same unto W. E. Fowler, his heirs and assigns forever.

" 'In explanation of the above I here state that I have instructed the said W. E. Fowler how I desire my said estate to be

handled and I leave the matter entirely to his honesty and integrity and he shall have full power to collect any and all sums due and owing me from said Government of the United States as well as from any and all other sources and to sell, rent, manage and control all property of every nature and kind owned by me at the time of my death, all as he may deem best and proper, all without limitation or qualification of any kind.

" 'I nominate, constitute and appoint the said W. E. Fowler as Independent Executor of this will and direct that no bond or other security be required of him as such, and that no action be had in any court pertaining to my estate, than to prove and record this will and file an inventory and appraisement of my estate.

" 'Witness my hand at Goliad, Texas, this the 8th day of December, A. D. 1924, in the presence of O. L. Newman and C. C. Flowers, at witnesses who attest the same at my request.

Her
" 'Mary Tippen X Billups
Mark

" 'The above instrument was now here subscribed by Mary Tippen Billups, the testatrix, in our presence, and we, at her request and in her presence, and in the presence of each other, sign our names as attesting witnesses on the day and date heretofore set out, said Mary Tippen Billups making her mark and her name having been written by others.

" 'O. L. Newman
" 'C. C. Flowers.'

"I find that W. E. Fowler, defendant in the above cause, a practicing attorney of Goliad, Texas, drew the will hereinbefore set forth for Mary Tippen Billups in or about the year 1924, and that said W. E. Fowler had known the said Mary Tippen Billups for about twenty years prior to her death, she having worked for the said W. E. Fowler in his office and residence.

"I find that subsequent to the death of the said Mary Tippen Billups, the said W. E. Fowler made an application for the probate of the said will of Mary Tippen Billups and the same was duly admitted to probate in the County Court of Goliad County, Texas, on the 29th day of April, 1925, which said will is there recorded in Volume H, page 152, of the Probate Records of said County.

"I find that the said W. E. Fowler qualified as independent executor under the terms of said will on the 2nd day of May, 1925.

"I find that said W. E. Fowler has never filed an inventory and appraisement of the assets of said estate.

"I find that the said Mary Tippen Billups is now survived by children as follows, viz., four Rays of the half blood and five Billupses, the said Mary Tippen Billups having had four illegitimate children prior to her marriage to Billups.

"I find that the said W. E. Fowler executed a deed covering the house owned by the said Mary Tippen Billups at the time of her death to one or more, but not all, of the plaintiffs in this cause.

"I find that Emily B. Moore, one of the plaintiffs in this cause, is a daughter of the said Mary Tippen Billups, and that one of the children of the said Mary Tippen Billups, Robert by name, was under twentyone years of age at the time of the death of the said Mary Tippen Billups.

"Conclusions of Law

"I conclude that the plaintiffs herein are not entitled to recover against the defendant herein."

None of the findings of fact are attacked by any of the parties to this appeal, and all find ample support in the evidence. In the findings and conclusions there is no construction of the will. Plaintiffs sought a conclusion of law by the trial court, "that the will of Mary Tippen Billups did not create a trust, but that it devised all of the estate * * * to W. E. Fowler, the defendant, in fee." This was refused. Just why appellants sought this finding we are at a loss to understand.

■ Plaintiffs plead, among other things, that the will created a trust, but failed to name the beneficiaries thereof, but it was the intention of the testatrix that her children (plaintiffs) be the beneficiaries thereof. Parol evidence as to this undeclared intention of the testatrix was tendered, and, on objection, rejected by the trial court. This presents no error. The terms of a will cannot be amplified by parol evidence. Heidenheimer v. Bauman, 84 Tex. 174, 19 S.W. 382, 31 Am.St.Rep. 29.

Plaintiffs' pleading, however, as we construe it, as a whole, was sufficient to present the theory that, if the trust was insufficiently declared, the beneficial title to the estate vested in them as the heirs of the

testatrix. Further, they sought an accounting from the defendant, insisting that he had converted the assets of the estate to his own use, and sought personal judgment against him.

It is deemed very clear that this will did not create an express trust. To constitute a trust the beneficiaries must be named, the terms thereof should be clearly set forth. These essential elements are all lacking. See Heidenheimer v. Bauman, supra.

When we come to consider the question as to whether she attempted to leave her property in trust, a more difficult question is presented. In other words, whether she intended to vest defendant with full legal and beneficial title to the estate, or to vest in him only the legal title.

It is the assertion of legal commonplaces to say that in the construction of a will the intention of the testator is to be sought—that such intention is the will; that the intention must be gathered from the four corners of the will.

In arriving at this intention it is permissible to consider the situation of the testator. Here we have a mother with a number of children, some of whom, perhaps, are without a legal father, disposing of her estate. There is no evidence that she had other than the natural maternal love for them. These children were the natural objects of her bounty. It is not a natural disposition that she left everything she possessed to her employer, without regard for the future welfare of her children. If the language of the will compels this construction, however, it must be so construed. Let us examine the will—"I give, devise and bequeath * * * to W. E. Fowler, trustee; to have and to hold the same unto the said W. E. Fowler, his heirs and assigns forever." Then follows the third paragraph wherein is explained why she makes this devise: "I have instructed the said W. E. Fowler how I desire my estate to be handled, and I leave the matter entirely to his honesty," etc. Then follows a broad delegation of power as to the management of the estate. If her intention was to give absolutely to Fowler, why delegate him power over the property? Ownership would, to the most primitive mind, convey the idea of absolute power of disposition. The testatrix knew when the will became effective her power over the property would have ceased. If she intended to absolutely give him the property, the expression of confidence in his honesty does not entirely harmonize with such intention. Unless this seemingly ignorant old lady had an idea that her employer was to deal with the property as she had directed him, then the expression, "having confidence in his honesty," becomes merely a gratuitous compliment.

In Heidenheimer v. Bauman, supra, the provision of the will in question was as follows: "All other property, both real and personal, which I may own or may be entitled to at the date of my death, after paying the aforesaid legacy to my wife, I give, devise, and bequeath to my brother, Abe Heidenheimer, in trust, to be disposed of by him as I have heretofore or may hereafter direct him to do." (This quotation is found on page 178, of 84 Tex. and numbered paragraph three, on page 382 of 19 S.W., 31 Am.St.Rep. 29.) The Supreme Court held the trust invalid. Chief Justice Stayton, in the course of the opinion, said: "The bequest to Abe Heidenheimer, being in trust, without a declaration of the beneficiaries in the face of the will or by some paper that can be regarded as a part of it, is no bequest at all, so far as the beneficial interest is concerned, for it shows an intention that this should not vest in him, and does not declare in whom it shall vest, and the law vests it in appellant, who is the heir of the testator."

In our opinion, so far as there is a manifestation of an intention of an attempt to create a trust, there is very little difference between this case and the instant case.

The case of Weller v. Weller, 22 Tex. Civ.App. 247, 54 S.W. 652, comes, in our opinion, more nearly supporting the contention of defendant, that the will vested in him absolute title to the estate than any other cited in the briefs. The will provided, in substance, as follows: "To testator's wife and her heirs forever, to have and to hold, for her own use and benefit, until my heirs become of age, and for her to divide the amount due to each, that she, in her judgment, may be entitled." It was held to vest fee simple title in the wife. However, we believe there is a substantial distinction between this case and the instant case. In the first place, the devise was to testator's wife. Here, there is no such relationship. There, clearly, the determination of the ultimate interest of the child was left to the unfettered discretion of testator's wife. In reality the result was

the same as though a trust had been declared, as the other heirs had been specifically excluded from participation.

An able and comprehensive note is to be found on this question in 96 A.L.R. 959 et seq. In this note many cases relative to this question are cited and discussed.

■ We hold that, under the will in question, the defendant did not take the legal and beneficial title to the property. The legal title only was vested in him. The trust attempted to be created is void for uncertainty. This being true, the beneficial title to the estate vested in the heirs.

If this holding be correct as to the beneficial title to the property, the testatrix died intestate. In legal effect it is tantamount to a provision by the testatrix that after the debts are paid her estate should go to her legal heirs.

■ Defendant, upon the probate of this will, had the right to administer thereon in accordance with the will. This right was not conditioned on the compliance with the law as to filing inventory, appraisement and list of claims. Simkins, Administration of Estates, 3rd Ed., 176.

Notwithstanding this, it was still his duty to file the inventory and appraisement. Compliance with this duty, we think, might be exacted. Patten v. Cox, 9 Tex.Civ.App. 299, 29 S.W. 182. The County Court is, perhaps, the proper tribunal to vindicate this right for one having the right to the performance of this duty.

Included in the trial court's findings of fact are findings on every material fact as to which there is evidence. These findings are in accordance with the facts as plead by plaintiffs. There is, however, no finding as to the facts plead, but as to which there was no evidence. The question and answer transcript of the testimony consists of only some nineteen or twenty pages; much of this is taken up with objections, arguments, exceptions, and rulings of the court. We have carefully read the statement of facts in connection with the trial court's findings.

The fundamental question involved in this appeal is, should the court have entered a judgment other than the one entered?

There was no evidence as to the nature and value of the estate left by the testatrix; as to debts, if any, owing by the estate; as to property, if any, sold by the executor to pay the debts; as to whether any property remains in the hands of the executor, and, if so, the nature and character thereof.

We think, manifestly, no money judgment could have been rendered against the defendant under the evidence. No judgment for specific property, for no specific property is shown to have come into possession of the executor.

Plaintiffs' prayer for removal of defendant as trustee was based on the theory that the will created an express trust. The will did not create an express trust, aside from the executorship. As far as it went was to attempt to do so. It was not sought, we think, to remove him as independent executor.

It is only by construction that defendant can be held as trustee, as to the legal title of this property, for plaintiffs. After the completion of the administration his duty was to deliver same to plaintiffs. There is no occasion to remove him as such constructive trustee. The law executes that trust.

■ In our opinion, the findings and evidence would not justify a judgment for final relief. The only possible judgment under the pleadings, findings and evidence, that might have been rendered was that defendant was liable to account to plaintiffs as to all property coming into his possession as executor. Such a judgment would not, in our opinion, be a final judgment. Leyhe v. McNamara, Tex.Com. App., 243 S.W. 1074.

■ Beyond any question, plaintiffs' petition sought final relief. In connection with the action a discovery was sought, but without insisting on the sought discovery which, we take it, would have consisted of defendant's account as executor, plaintiffs announced ready for trial. This trial was not for interlocutory relief; the appointment of an auditor or master was not sought. On this trial plaintiffs' evidence was insufficient to establish a right to final relief. It is unnecessary to discuss as to whether same would afford a basis for interlocutory relief, for such was not the purpose of the trial. By proceeding to trial on the merits plaintiffs, in our opinion, waived their right to such interlocutory relief. If plaintiffs had seen fit to offer evidence as to the nature and value of the property coming into de-

fendant's hands, a different question would have been presented. There is no reason shown in the record why this might not have been done. If the evidence had gone to this extent, the burden of proceeding might then have been upon the defendant.

 In accounts of the nature and character of those here involved it may be customary for the trial court to appoint an auditor to state the account. This is in a large measure within the discretion of the court. 36 Tex.Jur., Sect. 3, p. 685.

Plaintiffs did not specifically pray for the appointment of an auditor. It is elementary that the court may hear the evidence and declare the ultimate right of the parties, without the aid of an auditor. Under the allegations of plaintiffs' petition this audit would have been a relatively simple affair. It was averred that there were no debts of the estate of Mary Tippen Billups, except such as were incidental to her last illness and death; further that a large part of the assets of the estate was in cash when taken possession of by defendant.

We are constrained to hold that, under the pleadings and evidence, the court entered a proper judgment.

Plaintiffs assigned error on the exclusion of evidence. What we have heretofore said disposes of the assignments relating to the refusal of the court to permit parol evidence as to the terms of the trust ineffectively declared in the will.

▌ Defendant was placed on the stand by plaintiffs and this question was asked by their attorney: "Have you ever made an accounting to any of them (meaning plaintiffs)?" The court sustained the objection of defendant to the question. What the answer of the witness would have been does not appear. This was perhaps not essential, as the witness was the adverse party, and plaintiffs had the right to cross-examine him as to material matters, and could not be expected to anticipate his replies. Just what is comprehended in the question is hard to determine. It may be that it was intended to inquire as to whether the defendant had accorded plaintiffs their ultimate rights in the estate.

The only thing in the nature of a plea in this respect is set up in the sixth paragraph of the amended original answer, in which reference is made to an attached exhibit to the answer. This exhibit fails to show any accounting or settlement or anything in the nature thereof.

Assuming, without deciding, that plaintiffs were entitled to a response to the question, reversible error is not shown. There is no question, under the pleadings, that defendant did not account to the plaintiffs. However, to be entitled to a judgment, the burden was upon the plaintiffs to deduce evidence in support of their allegations for final relief. In this case they have failed to do this, and were, as held by the trial court, not entitled to a judgment.

The case is affirmed.