**LOWRY et al. v. GALLAGHER et al.**

No. 4304.

Court of Civil Appeals of Texas.

Oct. 18, 1945.

Rehearing Denied Nov. 7, 1945.

S. D. Bennett, of Beaumont, for appellants.

C. E. Pool, of Beaumont, for appellees.

MURRAY, Justice.

The appellees, Stephen Francis Gallagher et al., brought suit against M. W. Lowry et al., appellants, in the district court of Jefferson County, Texas, for the title and possession of certain lands in Block 66 of the old townsite of Beaumont, and in the alternative they sought to remove cloud from their title by reason of certain instruments which were pleaded in their petition. At the conclusion of the testimony, the court directed a verdict for plaintiffs, appellees here, for the title and possession of the land in controversy and that cloud be removed from title, and judgment in keeping therewith was entered by the court. Appellants have perfected their appeal to this court.

The judgment appealed from removed cloud from title of appellees to the land sued for and decreed cancellation of the following instruments: (1) Instrument dated May 18, 1929, of record in Vol. 494, at page 57 of the deed records of Jefferson County, Texas, from S. V. Steen et al. to M. W. Lowry; (2) instrument dated April 17, 1941, of record in Vol. 491, at page 547 of the deed records of Jefferson County, Texas, from M. W. Lowry et al. to L. L. Lowry, and (3) instrument dated May 10, 1941, of record in Vol. 495, at page 12 of the deed records of Jefferson County, Texas; from L. L. Lowry to R. H. Stark. It is conceded in the brief of appellees that since such instruments were not introduced in evidence on the trial of the cause this portion of the judgment is error and the judgment should be reformed and corrected by striking from the judgment that portion thereof which cancels such instruments and removes cloud from the title of appellees.

Mary Gallon died in Jefferson County, Texas, and left the following will which was admitted to probate:

"I Mary Dawson Gallon of Jefferson County Texas being in good sense and sound mind do make my last will and testament no other will written by me in exisnence so if any produced after my death will be illegal I direct that all my just debts be paid out of my estate I deed and record in Court House of Beaumont Jefferson County house and lot with all improvements thereon to Stephen Francis Gallagher of 2355 Park Street deeded and recorded to Marion Isabell Gallagher house and lot with all improvements thereon on Magnolia Avenue No of lot ——— and Block ——— To my sweetheart baby girl Kathleen Mary Dawson Gallagher 2 lots on Neches and Cartwright Avenue with all improvements thereon No of Block and lots ——— all *leans* morgages on this property and taxes to be paid for out of my estate nothing to be owed against those children I direct that no other action shall be had in the county court than is necessary for the proper probating and recording of this my will the foregoing instrument wholly written by myself I make and publish as my last will hereunto subscribing my name this 12th day of November A.D.1928.

"Mary Dawson Gallon

"Addition
2

"I appoint th*ere* mother Mrs. S. V. Steen their na*utral* guardian of 2355 Park Street Beaumont Texas Independ*ant* Executrix without bond or any expense what ever on my estate If my estate is sold I want a stone placed at my husbands grave of white gran*ate* I also have pledged 100.00 to memorial fund of Masonic new temple 25.00 paid 3 more payments to make my brothers name to be put on stone Thomas Dawson native of England born in County of Durham died in Beaumont all money owed in behalf of children to ——— Texas Roberts Undertaking Company for their fathers burial K. J. Gallagher died be*gining* of November 1927 2nd day 50.00 paid by Kathleen Mary Dawson Ga*l*lagher January 1st 1929 and February 1st 1929 by Mary Dawson Gallon her foster mother through First National Bank Beaumont

Tex If property is sold all debts must be paid on my childrens property consisting of security to Mr. Joe Broussard capitilist College Street for 4500.00 at 8% payable every 6 months 1.8000 to my sister Isabella Hood No 2 Park Cottage Spennymoor Durham Road Durham County Eng 200.00 to Mr. Gallons brother Jerry 200.00 to my brother in law Dick Bertlett 13 Orchard Street Dewsbury Eng *Leviletown* 100.00 all to be paid out of my estate when sold. If anything left H. H. Howel–of Coalge Lumber Company and M. William Lowry trustees

> "Feb 28–1929
>
> "Mrs. Mary D. Gallon"

Mrs. Gallon was the common source of title of both parties, appellants and appellees. The appellees were the duly adopted children of Mary Gallon and were her heirs at law. The property sued for in this case was not mentioned in her will and was not specifically disposed of by her in the will. Appellant Lowry, and the other appellants claiming under him, offered in evidence the following instrument of title from Mrs. S. V. Steen, the independent executrix appointed in the will of Mrs. Gallon, and the instrument was excluded from the evidence on objection of appellees. The instrument reads as follows:

"State of Texas:

"Jefferson County;

"Know All Men by These Presents, That;

"Whereas I, S. V. Steen of Jefferson County, Texas, have been appointed Independent Executrix of *b*the estate of Mary D. Gallon, deceased of Jefferson County, Texas; and whereas my three children are legal heirs by adoption of said Mary D. Gallon, and Whereas, there are other claimants of said estate who have filed an application for administration and have filed a contest of the will of said Mary D. Gallon, and, Whereas it was necessary for me to employ an attorney and I have employed M. W. Lowry of Jefferson County, Texas, to represent me as said executrix and to represent my said children; and for services already performed and hereafter to be performed I have contracted and agreed to pay said M. W. Lowry one half of all the property involved in said litigation, which is a reasonable fee for said services.

"Now, therefore, I, the said S. V. Steen, joined herein by my husband Hans J. Steen pro forma, executrix of the estate of said Mary D. Galon and as natural guardian and next friend of my children Stephen Francis Gallagher, Marion Isabelle Gallagher and Kathleen Mary Dawson Gallagher, all minors, do hereby employ and appoint said M. W. Lowry my lawful agent and attorney in fact to represent me as executrix of said estate of Mary D. Gallon and as natural guardian and next friend of my said minor children and for said children the following purposes to-wit;

"To represent me in all legal matters, to take charge of said estate of Mary D. Gallon; to control, manage, and rent same and collect said rents;

"To file and probate the will of said Mary D. Gallon and represent me in the contest of the same;

"To file any and all necessary lawsuits in said matter; and to prosecute the same, and defend all suits filed; To appeal said suits if necessary and to compromise same and to adjust and settle all matters connected with said estate, To employ all legal assistance necessary; and to do and attend to all of said matters for me as Independent Executrix of said estate also where necessary as natural guardian and next friend of my said named children.

"My said attorney will be at considerable expense in said matters and may have to employ legal assistance, to compensate him therefor and for services heretofore rendered and hereafter to be rendered in said matters, I, the said S. V. Steen Independent Executrix in the will of said Mary D. Gallon and guardian aforesaid joined herein by my husband Hans J. Steen do sell, assign, set over and convey and by these presents have assigned, sold, set over, and conveyed to the said M. W. Lowry one half interest in and to said estate of Mary D. Gallon and WE do hereby bind ourselves to execute a good and sufficient deed to the same whenever we have legal authority to do so as executrix of said will or as legally appointed guardian of said minors.

"We hereby ratify and approve all that the said M. W. Lowry has done and all that he may do in the future in and about the said matters and business of said estate.

"Witness our hands at Beaumont, Texas, this the 19th day of May, 1929.

> "Hans J. Steen
>
> "Mrs. S. V. Steen,

"Independent Executrix of Estate of Mary D. Gallon and Guardian of said Minors."

Stephen Francis Gallagher was born August 20, 1919; appellee Marion Hill was born October 15, 1922; Mary D. Gallagher was born December 28, 1924. At the time the will was admitted to probate and when the instrument from Mrs. Steen to Lowry was executed all three of the appellees were minors.

Appellants maintain in their second point that the court was in error in excluding from the evidence the instrument above set out, in which Mrs. Steen employed Lowry as attorney to represent her in the will contest, and in the handling of the property of Mrs. Gallon.

By their third point, appellants complain of the action of the trial court in not permitting appellant Lowry to testify as to his handling of the Mary Gallon estate as trustee under her will.

By their fourth point, appellants complain of the action of the trial court in excluding from the evidence any testimony as to what property of the deceased the appellees had previously accepted in settlement of their claims against the estate in their guardianship proceedings.

From the points brought forward by the appellants, it is seen that Lowry and those claiming under him, the appellants, claim title to the property sued for in two ways: 1st, by the instrument executed by Mrs. Steen as independent executrix, which they maintain conveyed to Lowry a one-half interest in the property involved in this suit since said property constitutes the residue of the estate after specific devises; 2nd, from that portion of the will of Mrs. Gallon, the last line of the codicil to the will above the date which reads: "if anything left H. H. Howell of Coale Lumber Company and M. William Lowry trustee." Howell declined to act and is not concerned in this suit.

In the consideration of these questions, it is necessary first to construe the will of Mrs. Gallon. We are unable to agree with the appellants' contention that he took any title to the property in controversy by virtue of that phrase in the will which reads, "if anything left H. H. Howell and M. William Lowry Trustees." It is noted that that phrase in the will follows the phrase "if my estate is sold." It

is clear from the language of the entire instrument that the testatrix intended that if any of her property were sold that certain payments and bequests should be made and if any money were left it should go to Lowry as a trustee. Under Heidenheimer v. Bauman et al., 84 Tex. 174, 19 S.W. 382, 31 Am.St.Rep. 29, and the later case of Ray v. Fowler, Tex.Civ.App., 144 S.W.2d 665, the property left in a will to a trustee without any specific direction to such trustee in the will as to its disposition is simply held by him in trust for the heirs at law of the testatrix. The rule in Texas seems to be well settled on this point.

The appellees also attack the instrument of conveyance from Mrs. Steen to Lowry and say that it did not, and under the circumstances set out in the instrument could not, convey title to Lowry. By the case of Lang et al. v. Shell Petroleum Corporation et al., 138 Tex. 399, 159 S.W.2d 478, an independent executor has the authority to make a contract of employment with an attorney for a reasonable fee to be paid contingently. This case however points out that such an independent executor has such authority if the fee agreed upon is a reasonable fee under all circumstances and that such fee is chargeable against the property of the estate covered by the will. We construe that instrument to be a contract of employment of Lowry as an attorney, and a contract by Mrs. Steen to convey to Lowry "by proper deed whenever she should have the legal authority to do so as executrix of the will or as legally appointed guardian of the minor children." The quoted phrase is from the language of the document itself. After the legal service contracted for had been rendered, Lowry might have forced a compliance with his contract by proper showing that the services rendered were reasonably necessary and that the fee agreed upon in the contract was a reasonable one for the services performed. This instrument is not before us as a contract, however, but as a conveyance to Lowry of title to realty belonging to the Gallon estate by the executrix. We do not regard it as a conveyance, but as a contract only. No title passed to Lowry by its execution and delivery, and no error is shown in the action of the court in excluding it from the evidence. Mrs. Steen as executrix, had no power to convey one-half the property of this estate as an attorneys' fee in advance of the actual performance of services by such attorney.

■ We find no merit in the contention of appellant that the court erred in excluding the testimony of Lowry as to his actions in handling the affairs of the Gallon estate as a trustee. As pointed out in the early part of this opinion, the only authority which Lowry had as a trustee under this will was to take as trustee for the heirs of the deceased any money left in the hands of the executrix if any of the property of the estate were sold by the executrix and certain payments made therefrom as directed in the will. There is no testimony in the record that any property of Mrs. Gallon was sold. Lowry's testimony as to what he did as trustee would serve no purpose in determining the basic questions presented in a construction of the will of the deceased.

■ The appellants' fourth point, complaining of the court's refusal to allow testimony as to what property the appellees accepted in their guardianship proceedings, is without merit. There is no question as to the age of the appellees and their minority at the time these transactions occurred. Appellants depend on the case of Lang et al. v. Shell Petroleum Corporation, supra, in which the Supreme Court approved a similar transaction in which Julia Lang and her children in 1916 partitioned some property which they had received in a will contest. The distinction which we see in the present case from the Lang case is that the Lang children were all of age before the year 1916 and no objection was raised by any children to the settlement made in their guardianship from 1916 to about 1939. The court held there that the children of Julia Lang ratified and approved the actions of their mother and the independent executor, by accepting a division of their property and the payment of attorneys fees in accord with the executor's contingent fee agreement and raising no objection thereto for 23 years. No such facts are presented in this case and we do not believe that any ratification or acceptance by the appellees under the facts of this case could be shown by the testimony excluded by the court.

The judgment of the district court will be reformed by striking from it that portion which cancels the instruments described in paragraph one of this opinion and removing the cloud from the title, and as reformed the judgment will be affirmed.